# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DIST~~RICT COURT~~
FOR THE DISTRICT O]

**IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

Misc

Case: 1:16-mc-00126
Assigned To : Robinson, Deborah A.
Assign. Date : 1/19/2016
Description: Misc.

Filed Under Seal

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require ChangeIP, Inc. ("ChangeIP"), an electronic communications service provider and/or a remote computing service provider located in Miami, Florida, to disclose certain records and other information pertaining to the ChangeIP account(s) relating to certain domain names, as described in Part I of Attachment A to the proposed Order. The items to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.      ChangeIP is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require ChangeIP to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(1)-(2).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The United States is investigating a scheme whereby one or more unidentified subjects created malicious software, or "malware," designed to gain remote access to another's computer, and sent fraudulent "spear-phishing" emails in order to ███████████████████ ██████████████████████ The investigation concerns possible violations of 18 U.S.C. § 1030 (fraud and related activity in connection with computers).   Through this investigation, the Federal Bureau of Investigation ("FBI") has learned the following information relating to this application.

5.     On April 15, 2015, employees of ███████████████████ provider of an online messaging service, received a spear-phishing email with the subject ██████████ ███ that came from ████████████████ and had the █████████████ ██████████████████████ Attached to this email was the file ███████ which compressed a larger file ██████████ When the attachment was opened using a virtual machine with an operating system mimicking a ████████ employee's computer, there were several changes to the operating system's settings and then the computer initiated contact with

████████████ Based on the malware's operation, the domain name ████████████ is believed to be the ████████████████████ domain associated which a ████████████ ████████████ Later, additional malware was installed onto the computer. This malware retrieved a Pastebin.com page located at ████████████████████ whereupon the computer connected to IP address ████████████

6. ██████ allows users to store text online for easy sharing.[2] The page located at ████████████████████ was created by the user ██████████ This user created several other pages from March to August of 2015 that also implement ██████████ Based on their titles, these other pages appear to target companies like ██████ that provide information technology or electronic communication services. The following table lists these pages:



7. On May 19, 2015, employees of ████████████████ provider of virtual reality technology, received a spear-phishing with the subject ████████████████ that came from ████████████ and had the ██████ IP address ████████████ – the same IP address of the spear-phishing email targeting ██████ This spear-phishing email to ██████ employees had an attachment – specifically, the compressed file ████████ containing a larger file ██████████' – that installed malware making the user's computer contact IP address ██████████ Thereafter, further payloads of malware were installed that made the computer contact a ████████ page located at ████████████████████ Similar to ████████ the website ██████ allows users to store and share large amounts



7.      The fact that a domain name resolved to an IP address normally means that the entity controlling that IP address created or was using that domain name. Furthermore, the continuous resolution of a domain name to the same IP address for a long time period generally indicates that this IP address was under a single entity's control. Since the ████ search results show several domain names resolving to the same address for long time periods, and also since ████████ was associated with both ██████████████ around the same period, the FBI suspects that these domains were controlled by the same individual(s) responsible for the crimes under investigation. From this list of domain names, ██████ were registered using ████████████████████████████████ ████████████████████

8.      Many of the above domains that have resolved to IP address ██████ and/or IP address ████████ – and particularly those registered using ██████ – contain permutations of names of popular websites or companies. For example, they have ██████ for the cloud storage website ████████████ for the social networking website

5

████████████████████████ for the professional networking website ████████ These are sometimes called "socially engineered" domain names. They are consistent with a common pattern of fraud whereby a victim wrongly assumes from the name of an email account or website that it belongs to the popular company or website being mimicked. Similarly, perpetrators of computer fraud are known to use socially engineered domain names so that someone monitoring an organization's computer network will be less likely to notice network traffic relating to the intrusion or data breach.

9. Records for the ChangeIP account(s) responsible for ████████ and the socially engineered domain names ████████████████████ ████████████████████████ are within the custody of ChangeIP. The proposed Order seeks records and other information (not including the contents of communications) concerning this account(s) and associated user activity which may lead to evidence of the criminal activity under investigation and may help identify those responsible for this account and the unlawful activity.

## REQUEST FOR ORDER

10. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that ChangeIP be directed to produce all items described in Part II of Attachment A.

11. The United States further requests that the Order require ChangeIP not to disclose this application and any resulting order to the subscriber(s) of the account(s) listed in

6

Attachment A or to any other person (except attorneys for ChangeIP for the purpose of receiving legal advice) for a period of 180 days or until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Indeed, much of the evidence in this investigation is stored electronically. If alerted to the investigation, the target(s) under investigation could destroy that evidence, including information saved to personal computers.

12. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation.

Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415793

By: _____,

ALLEN T. O'ROURKE
Assistant U.S. Attorney
N.C. Bar Number 38404
United States Attorney's Office
555 Fourth Street, N.W., Room 4231
Washington, D.C. 20530
(202) 252-7527
Allen.O'Rourke@usdoj.gov

8