# ATTACHMENT

# A

*Redacted Docket Materials*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE APPLICATION OF THE | ) | |
| UNITED STATES OF AMERICA FOR | ) | Misc. No. |
| AN ORDER AUTHORIZING | ) | |
| DISCLOSURE OF HISTORICAL | ) | |
| ELECTRONIC RECORDS FOR AN | ) | |
| EMAIL ACCOUNT PURSUANT TO | ) | |
| 18 U.S.C. § 2703(d) | ) | **Filed Under Seal** |
| | ) | |

APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING
DISCLOSURE OF HISTORICAL ELECTRONIC RECORDS FOR AN EMAIL ACCOUNT
PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d). The proposed Order would require Microsoft Corporation ("Microsoft"), an

electronic communication service provider and/or remote computer service located in Redmond,

Washington, to disclose certain records and other information pertaining to the email service

customer or subscriber account identified as ▇▇▇▇▇▇▇▇▇▇ ("SUBJECT

ACCOUNT"), as set forth in Part I of Attachment A. The records and other information to be

disclosed are described in Part II of Attachment A to the proposed Order. In support of this

application, the United States asserts:

LEGAL BACKGROUND

1.      Microsoft is a provider of an electronic communication service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require Microsoft

to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A

of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.     This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The applicant certifies that he is an "Attorney for the government" under Rule 1 of the Federal Rules of Criminal Procedure.

5.     On October 15, 2004, the United States Secretary of State designated al-Qa'ida in Iraq (AQI), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization (FTO) under Section 219 of the Immigration and Nationality Act, and as a Specially Designated Global Terrorist under 1(b) of Executive Order 13224.  On May 15, 2014, the Secretary of State amended the designation of AQI as a Foreign Terrorist Organization under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant (ISIL) as its primary name.  The Secretary also added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham (ISIS), the Islamic State of Iraq and Syria (ISIS), ad-Dawla

2

al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al-Islamiya, and Al-Furqan Establishment for Media Production. Although the group has never called itself "Al-Qaeda in Iraq" (AQI), this name has frequently been used to describe it through its history. To date, ISIL remains a designated FTO. In an audio recording publicly released on or around June 29, 2014, ISIL announced a formal change of its name to the Islamic State (IS). Abu Bakr al-Baghdadi is the current leader of ISIL.

6. The State Department has reported that, among other things, ISIL has committed systematic abuses of human rights and violations of international law, including indiscriminate killing and deliberate targeting of civilians, mass executions and extrajudicial killings, persecution of individuals and communities on the basis of identity, kidnapping of civilians, forced displacement of Shia communities and minority groups, killing and maiming of children, rape, and other forms of sexual violence. According to the State Department, ISIL has recruited thousands of foreign fighters to Iraq and Syria from across the globe and leveraged technology to spread its violent extremist ideology and for incitement to commit terrorist acts.

7. ISIL is known to use an extensive and wide variety of social media accounts to recruit and radicalize foreign fighters to travel to Iraq and Syria and fight on behalf of ISIL. The group is also known to use these same social media accounts to call for attacks on the West and radicalize persons living in the West. Specifically, ISIL uses Twitter accounts to recruit foreign fighters and encourage attacks in the West. In a Joint Intelligence Bulletin released by the Federal Bureau of Investigation ("FBI") and the Department of Homeland Security ("DHS") on February 27, 2015, they assessed ISIL and its supporters' innovative use of social media and messaging has played a key role in motivating young Western males and females to travel to the Syrian conflict to join and support the self-declared Islamic State. In the same bulletin, the FBI

and DHS assessed Western youth inspired by ISIL messaging to travel or attempt to travel to

Syria could radicalize others, gain combat skills, share knowledge of potential targets, or

mobilize to conduct organized or lone offender attacks upon their return to western countries,

including the United States.

8.      The United States government, including the FBI, is investigating the possible use

of the SUBJECT ACCOUNT to commit violations of 18 U.S.C. § 2339B (material support for

foreign terrorist organizations), namely support of ISIL.

9.      The user of the SUBJECT ACCOUNT is believed to be associated with ███████

███████████████████████████   Subscriber information associated with the email

address ████████████████ revealed user log-in Internet Protocol (IP) addresses resolving to

███████████████████████████████████████████████████████████

████████████████████   The SUBJECT ACCOUNT is listed as the back-up email

addresses for the address ██████████████   Google, Inc., which hosts all Gmail addresses,

requests that users provide a back-up email address so that the original account can be restored or

verified if the user loses password access to the account.

10.      During 2015, ██████████ continuously communicated with ████████

████████ who has now been arrested and charged with attempting to provide material support

to ISIL.   The FBI assesses that ████████████ has also posted pro-ISIL content on his social

media accounts, is a member of a social media community where pro-ISIL content is discussed,

and has viewed, liked and/or commented on videos such as "████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

4

11. ISIL provides operational direction and attack planning as well as recruitment and radicalization via social media. This user's social media communications are hidden from public view and he is believed to be communicating with other ISIL supporters using private messaging functions via social media platforms.

12. To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with access to, and communications sent to or from, the SUBJECT ACCOUNT.

13. Based on the aforementioned information, there are reasonable grounds to believe that the requested records are relevant and material to the ongoing investigation related to providing material support to terrorist groups in violation of 18 U.S.C. § 2339B.

REQUEST FOR ORDER

14. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Microsoft be directed to produce all items described in Part II of Attachment A to the proposed Order.

15. The United States further requests that the Order require Microsoft not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court. The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any

other person of the existence of the Order directed to it.  Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
>
> (1)  endangering the life or physical safety of an individual;
> (2)  flight from prosecution;
> (3)  destruction of or tampering with evidence;
> (4)  intimidation of potential witnesses; or
> (5)  otherwise seriously jeopardizing an investigation or unduly delaying a trial.

16.  In this Application, the United States is acting under subsections 2703(c) and (d).  Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to Microsoft pursuant to section 2705(b).  Such a non-disclosure Order is appropriate in this matter because the requested 2703(d) Order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation.  There is reason to believe that notification of the 2703(d) Order would seriously jeopardize the investigation, including by giving the target an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  *See* 18 U.S.C. § 2705(b)(2), (3), and (5).  Some of the evidence in this investigation is stored electronically.  If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

17.     In this matter, the government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request.  *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar No. 415793

By:     _____/s/_____
Thomas A. Gillice
D.C. Bar No. 452336
Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street N.W.
Washington, D.C. 20530
(202) 252-1791
thomas.gillice@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING DISCLOSURE OF HISTORICAL ELECTRONIC RECORDS FOR AN EMAIL ACCOUNT PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) ) ) ) | Misc. No.<br><br><br><br><br>**Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation ("Microsoft"), an electronic communication service provider and/or a remote computing service located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Microsoft shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Microsoft may disclose this Order to an attorney for Microsoft for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
Date

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

Copy to:

Thomas A. Gillice
Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street N.W.
Washington, D.C. 20530
(202) 252-1791
thomas.gillice@usdoj.gov

**ATTACHMENT A**

**I.     The Account**

The Order applies to certain records and information associated with a customer or subscriber account of an email service provided by Microsoft Corporation ("Microsoft") located in Redmond, Washington.  The Microsoft account is identified as ███████████ ("the Account").

**II.     Records and Other Information to Be Disclosed**

Microsoft is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment, for the time period from February 16, 2015 to February 16, 2016.

    **A.     Information about the customer(s) or subscriber(s) of the Account:**

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses);

        7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.**   **All records and other information relating to the Account (except the contents of communications), including:**

1.   Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2.   Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information.

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS<br>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)</u>

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct.  I am employed by Microsoft Corporation

("Microsoft"), and my official title is _____.  I am a custodian of

records for Microsoft.  I state that each of the records attached hereto is the original record or a

true duplicate of the original record in the custody of Microsoft and that I am the custodian of the

attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

      a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

      b.      such records were kept in the ordinary course of a regularly conducted business

activity of Microsoft; and

      c.      such records were made by Microsoft as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____      _____

Date                          Signature

**FILED**

FEB 2 2 2016

Clerk, U.S. District and
Bankruptcy Courts

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING DISCLOSURE OF HISTORICAL ELECTRONIC RECORDS FOR AN EMAIL ACCOUNT PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) ) ) ) |

Case: 1:16-mc-00340
Assigned To : Kay, Alan
Assign. Date : 2/19/2016
Description: Misc.

**Under Seal**

### ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation ("Microsoft"), an electronic communication service provider and/or a remote computing service located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Microsoft shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Microsoft may disclose this Order to an attorney for Microsoft for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

2-19-2016
Date

ALAN KAY
UNITED STATES MAGISTRATE JUDGE

Copy to:

Thomas A. Gillice
Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street N.W.
Washington, D.C. 20530
(202) 252-1791
thomas.gillice@usdoj.gov

2

## ATTACHMENT A

### I.  The Account

The Order applies to certain records and information associated with a customer or subscriber account of an email service provided by Microsoft Corporation ("Microsoft") located in Redmond, Washington. The Microsoft account is identified a█████████████████ the Account").

### II.  Records and Other Information to Be Disclosed

Microsoft is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment, for the time period from February 16, 2015 to February 16, 2016.

**A.  Information about the customer(s) or subscriber(s) of the Account:**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account (except the contents of communications), including:**

      1.     Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

      2.     Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Microsoft Corporation ("Microsoft"), and my official title is _____. I am a custodian of records for Microsoft. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Microsoft and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity of Microsoft; and

c.      such records were made by Microsoft as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____       _____
Date                                            Signature