# ATTACHMENT

# A

*Redacted Docket Materials*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)** | Misc. No. _____<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Microsoft Corporation ("Microsoft"), an electronic communications service provider and/or a remote computing service provider located in Redmond, Washington, to disclose certain records and other information pertaining to certain Microsoft user account(s) and activity, as described in Part I of Attachment A to the proposed Order. The items to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Microsoft is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Microsoft to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(1)-(2).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers

specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating a scheme whereby one or more unidentified subjects created malicious software, or "malware," designed to gain remote access to another's computer, and sent fraudulent "spear-phishing" emails in order to ███████████████ ███████████████████████ The investigation concerns possible violations of 18 U.S.C. § 1030 (fraud and related activity in connection with computers). Through this investigation, the Federal Bureau of Investigation ("FBI") has learned the following information relating to this application.

5. On April 15, 2015, employees of WhatsApp, Inc. ("WhatsApp"), provider of an online messaging service, received a spear-phishing email with the subject ████████████ ██████ that came from ████████████████ and had the "█████████████████ ████████████████████ Attached to this email was the file ████████ which compressed a larger file ████████ When the attachment was opened using a virtual machine with an operating system mimicking a WhatsApp employee's computer, there were several changes to the operating system's settings and then the computer initiated contact with

████████████████████████████████████████████████████████████████

2

███████████ Based on the malware's operation, the domain name ██████████ is believed to be the ████████████████████ domain associated which a ████████ ████████████ Later, additional malware was installed onto the computer. This malware retrieved a ██████████ page located at ██████████████████ whereupon the computer connected to IP address ██████████

6. ██████ allows users to store text online for easy sharing.[2] The page located at █████████████████ was created by the user ██████████ This user created several other pages from March to August of 2015 that also implement ██████████ Based on their titles, these other pages appear to target companies like WhatsApp that provide information technology or electronic communication services. The following table lists these pages:



7. On May 19, 2015, employees of ████████████████, provider of virtual reality technology, received a spear-phishing with the subject ██████████████████ that came from ████████████ and had the ██████ IP address ██████████ – the same IP address of the spear-phishing email targeting WhatsApp. This spear-phishing email to ██████ employees had an attachment – specifically, the compressed file ██████████ containing a larger file ██████████ – that installed malware making the user's computer contact IP address ████████ Thereafter, further payloads of malware were installed that made the computer contact a ██████████ page located at ████████████████████ Similar to ██████████ the website ████████ allows users to store and share large amounts

of text. In particular, ▮▮▮▮ allows users to collaborate on writing computer code.

8. The FBI searched ▮▮▮▮▮▮▮▮▮▮ for the domain ▮▮▮▮▮▮ used by the malware sent to WhatsApp.[3] This revealed that ▮▮▮▮▮▮▮▮▮▮ on April 15 to 16, 2015, and IP address ▮▮▮▮▮▮ on March 19 to April 22, 2015. Notably, these are within close range of other IP addresses involved in the criminal scheme:



These ▮▮ IP addresses are within a specific block from ▮▮▮▮▮▮▮▮ that is owned by ▮▮▮▮▮▮ also owns IP address ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮

9. According to ▮▮▮▮ records, IP addresses ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ are hosted by a single dedicated server named ▮▮▮▮▮▮ and leased to ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ records describe ▮▮▮▮ as a ▮▮▮▮▮▮ services. The ▮▮▮▮▮▮ server hosts ▮▮ blocks of IP addresses, ▮▮▮▮▮▮▮▮ These ▮▮ IP blocks have been

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

assigned to the ████████████ server since July 27, 2012.  After further investigation, the FBI has learned that these IP blocks are being used to host a virtual private network ("VPN") server.  This serves to mask the true location of those carrying out the criminal scheme because their internet traffic is routed through the VPN server rather than coming from them directly.

10.     The user activity routed through the VPN server would include internet traffic relating to Microsoft software updates, Windows security checks, and any other Microsoft products or services the perpetrators may be using.  Indeed, they appear to be using various Microsoft products and services for the criminal scheme.  Since the malware under investigation was designed to target computers running Windows (an operating system created by Microsoft), it is extremely likely the associated C2 software also utilizes Windows.  Furthermore, the FBI has identified various socially engineered domain names linked to the criminal scheme (such as ████████████ and ████████████) that were registered using Microsoft email accounts.[4]

11.     Microsoft keeps logs of internet traffic with Microsoft's servers and tracks user activity through a ████████████████████████  Such records may include, inter alia, ████████ IP addresses, dates and times of internet traffic, and other details regarding communications with Microsoft's servers.  The proposed Order seeks records and other information (not including the contents of communications) concerning certain Microsoft account(s) and user activity which may lead to evidence of the criminal activity under investigation and may help identify and locate the individual(s) conducting the criminal scheme through IP blocks ████████████████

## REQUEST FOR ORDER

12.     The facts set forth in the previous section show that there are reasonable grounds

████████████████████████████████████████████████████

to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Microsoft be directed to produce all items described in Part II of Attachment A.

13. The United States further requests that the Order require Microsoft not to disclose this application and any resulting order to the subscriber(s) of the account(s) listed in Attachment A or to any other person (except attorneys for Microsoft for the purpose of receiving legal advice) for a period of 180 days or until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Indeed, much of the evidence in this investigation is stored electronically. If alerted to the investigation, the target(s) under investigation could destroy that evidence, including information saved to personal computers.

14. The United States further requests that the Court order that this application and

any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415793

By: _____/s/_____,
ALLEN T. O'ROURKE
Assistant U.S. Attorney
N.C. Bar Number 38404
United States Attorney's Office
555 Fourth Street, N.W., Room 4231
Washington, D.C. 20530
(202) 252-7527
Allen.O'Rourke@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. _____

**Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation ("Microsoft"), an electronic communications service provider and/or a remote computing service provider located in Redmond, Washington, to disclose the items described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that Microsoft shall not disclose the existence or content of the Application of the United States or this Order of the Court to the subscriber(s) of the account(s) listed in Attachment A or to any other person (except

attorneys for Microsoft for the purpose of receiving legal advice) for a period of 180 days or until further order of the Court.

IT IS FURTHER ORDERED that the Application and this Order of the Court are sealed until otherwise ordered by the Court.

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

2

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and other information for any Microsoft account or user associated with any of the following identifiers, and any Microsoft account or user linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier:



### II. Records and Other Information to Be Disclosed

Microsoft is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Microsoft account or identifier linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

**A. For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof, for the time period from account inception to the present:**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Records of session times and durations, including the IP addresses associated with those sessions;

4. Length of service (including start date) and types of service utilized;

5. Telephone or instrument number or other subscriber number or identity, including device identification, any Global Unique Identifier ("GUID"), and the IP address associated with registration; and

6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

1. Information about any communication sent or received by the Account (for example, emails or posts), including the date, time, and method of communication; source and

destination information (including account identifiers and IP addresses), and any other header or routing information;

2. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; any GUID's; and all other unique device or user identifiers;

3. Information about each device registered with or used for the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; any GUID's; and all other unique device or user identifiers; and

4. Complaints, alerts, or other indications of fraud, suspicious activity, or violations of terms of service concerning the Account or user (including any GUID or other unique device or user identifier linked thereto), including any memoranda, notes, files, and any other records related to meetings or discussions about the Account or user (except confidential communications with legal counsel).

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Microsoft to identify or track users or devices, including GUID, any cookies used by or known to Microsoft, Universally Unique Identifier ("UUID"), Advertising ID, device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

FILED

MAR 14 2016

UNITED STATES DISTR
FOR THE DISTRICT OF

Case: 1:16-mc-00503
Assigned To : Harvey, G. Michael
Assign. Date : 3/11/2016
Description: Misc.

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc.

**Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation ("Microsoft"), an electronic communications service provider and/or a remote computing service provider located in Redmond, Washington, to disclose the items described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that Microsoft shall not disclose the existence or content of the Application of the United States or this Order of the Court to the subscriber(s) of the account(s) listed in Attachment A or to any other person (except

attorneys for Microsoft for the purpose of receiving legal advice) for a period of 180 days or until further order of the Court.

IT IS FURTHER ORDERED that the Application and this Order of the Court are sealed until otherwise ordered by the Court.

HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

3/11/16
Date

2

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and other information for any Microsoft account or user associated with any of the following identifiers, and any Microsoft account or user linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier:



### II. Records and Other Information to Be Disclosed

Microsoft is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Microsoft account or identifier linked thereto by email address, telephone number, payment information, cookies, or any other unique device or user identifier ("Linked Accounts").

**A. For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof, for the time period from account inception to the present:**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Records of session times and durations, including the IP addresses associated with those sessions;

4. Length of service (including start date) and types of service utilized;

5. Telephone or instrument number or other subscriber number or identity, including device identification, any Global Unique Identifier ("GUID"), and the IP address associated with registration; and

6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

1. Information about any communication sent or received by the Account (for example, emails or posts), including the date, time, and method of communication; source and

destination information (including account identifiers and IP addresses), and any other header or routing information;

2.  Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; any GUID's; and all other unique device or user identifiers;

3.  Information about each device registered with or used for the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; any GUID's; and all other unique device or user identifiers; and

4.  Complaints, alerts, or other indications of fraud, suspicious activity, or violations of terms of service concerning the Account or user (including any GUID or other unique device or user identifier linked thereto), including any memoranda, notes, files, and any other records related to meetings or discussions about the Account or user (except confidential communications with legal counsel).

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Microsoft to identify or track users or devices, including GUID, any cookies used by or known to Microsoft, Universally Unique Identifier ("UUID"), Advertising ID, device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").