# ATTACHMENT

# A

*Redacted Docket Materials*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)** | Misc. No. _____<br><br>**Filed Under Seal** |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Microsoft Corporation ("Microsoft"), an electronic communications service provider and/or a remote computing service provider located in Redmond, Washington, to disclose certain records and other information pertaining to Microsoft user email account, ███████████. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND**

1. Microsoft Corporation is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Microsoft Corporation to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<u>**THE RELEVANT FACTS**</u>

4. The United States is investigating different individuals who interacted with U.S. victims in various cybercrimes. These individuals are believed to have been involved in mystery, secret shopper, or personal assistant scams, forged documents, and compromises of email accounts. Mystery, secret shopper or personal assistant scams are a popular way for subjects to target individuals that seek to earn extra income. These subjects send an email or post online advertisements inviting their potential victims to earn extra money doing miscellaneous jobs, as mystery, secret shopper, or personal assistant where they will be involved with retailers like ███████████████████████████████ in their area. If the potential victims accept, ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████ ██████████████████████ The victims are then asked to contact the person named in the email for further instructions. The employment is not real however, and is also not associated with actual stores. The instruments of payment (check or

money order) are also fake. If the victims deposit the instrument of payment, they will get a notice from the bank that it bounced. And if they already have wired the money, they will be liable to the bank for the amount that they wired. The current investigation concerns possible violations of, inter alia, 18 U.S.C. § 371 (conspiracy to commit offense or to defraud the United States), 18 U.S.C. § 1343 (fraud by wire, radio, or television), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1037 (a)(1)-(3) (fraud and related activity in connection with electronic mail).

5.      This application is being made to further an investigation where at least ▮ U.S. based victims reported that they were contacted via email and invited to be employed as mystery, secret shopper, or personal assistant. When the victims accepted, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮. They were then instructed to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and send the job activity reports back to an individual by the name of ▮▮▮▮▮▮ at the email address ▮▮▮▮▮▮▮▮▮▮ The victims were also requested to ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. When some of the victims complied with the instructions, that is, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the victims were later notified by their banks that the instrument of payment was fake. The victims were then liable for the amount of money that they had deposited or wired. All of the victims indicated that the instructions they received involved the email address ▮▮▮▮▮▮▮▮▮▮

3

6.      Through the analysis of the victims' reports, the FBI determined that an individual most likely used the email address ███████████████ to conduct this mystery, secret shopper or personal assistant scam.  Consequently, based upon information learned from the investigation to date, the agents conducting the investigation believe that the records described in Part II of Attachment A are relevant and material to the ongoing criminal investigation.

**<u>REQUEST FOR ORDER</u>**

7.      The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities.  Accordingly, the United States requests that Microsoft Corporation be directed to produce all items described in Part II of Attachment A to the proposed Order.

8.      The United States further requests that the Order require Microsoft Corporation not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court.  *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its

4

disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415793

By: _____/s/_____,

PETER ROMAN
Special Assistant U.S. Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7125
Peter.Roman@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. _____

**<u>Filed Under Seal</u>**

## <u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation, an electronic communications service provider and/or a remote computing service located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft Corporation shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Microsoft Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until

otherwise authorized to do so by the Court, except that Microsoft Corporation may disclose this Order to an attorney for Microsoft Corporation for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
Date

_____
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

## ATTACHMENT A

**I.        The Account(s)**

The Order applies to certain records and information associated with the following email account(s): ██████████████████

**II.       Records and Other Information to Be Disclosed**

Microsoft Corporation is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from June 1, 2012 to the present.

A.      The following information about the customers or subscribers of the Account:

1.      Names (including subscriber names, user names, and screen names);

2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.      Local and long distance telephone connection records;

4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.      Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including MAC addresses);

7.      Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.      All records and other information (not including the contents of communications) relating to the Account, including:

1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

3

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Microsoft Corporation, and my official title is _____. I am a custodian of records for Microsoft Corporation I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Microsoft Corporation, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.    such records were kept in the ordinary course of a regularly conducted business activity of Microsoft Corporation; and

c.    such records were made by Microsoft Corporation as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                                            Signature

**FILED**

MAR 17 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case: 1:16-mc-00529<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 3/17/2016<br>Description: Misc. |

## <u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation, an electronic communications service provider and/or a remote computing service located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft Corporation shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Microsoft Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until



otherwise authorized to do so by the Court, except that Microsoft Corporation may disclose this Order to an attorney for Microsoft Corporation for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

3/17/16
Date

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

## ATTACHMENT A

### I.      The Account(s)

The Order applies to certain records and information associated with the following email account(s): █████████████████████

### II.     Records and Other Information to Be Disclosed

Microsoft Corporation is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from June 1, 2012 to the present.

A.    The following information about the customers or subscribers of the Account:

1.    Names (including subscriber names, user names, and screen names);

2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.    Local and long distance telephone connection records;

4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.    Length of service (including start date) and types of service utilized;

6.    Telephone or instrument numbers (including MAC addresses);

7.    Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.    All records and other information (not including the contents of communications) relating to the Account, including:

1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

3

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Microsoft Corporation, and my official title is _____. I am a custodian of records for Microsoft Corporation I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Microsoft Corporation, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.     such records were kept in the ordinary course of a regularly conducted business activity of Microsoft Corporation; and

c.     such records were made by Microsoft Corporation as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                               Signature