# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                        )
IN RE APPLICATION OF THE               )
UNITED STATES OF AMERICA FOR           )        MISC. NO. _____
AN ORDER PURSUANT TO                    )
18 U.S.C. § 2703(d)                     )        **Filed Under Seal**
                                        )
_____)

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d). The proposed Order would require Google Corporation, an Internet Service Provider

located in Mountain View, California, to disclose certain records and other information

pertaining to the email account: ███████████████ The records and other information to

be disclosed are described in Attachment A to the proposed Order. In support of this application,

the United States asserts:

## LEGAL BACKGROUND

1.      Google Corporation is a provider of an electronic communications service, as

defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C.

§ 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to

require Google Corporation to disclose the items described in Part II of Attachment A. *See* 18

U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of

Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.       A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4.       The Federal Bureau of Investigation is conducting a criminal investigation into violations of federal export control laws, including the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, and the Iranian Transactions and Sanctions Regulations ("ITSR"), 31 C.F.R, §§ 560.204. In particular, the FBI is investigating whether certain individuals and companies in Iran and ▓▓▓▓▓▓▓▓▓▓ are conspiring together to obtain U.S. commercial and/or military grade products and have those products shipped to Iran in violation of U.S. federal laws. As part of the investigation, agents developed information indicating that one of the targets of the investigation, ▓▓▓▓ ("individual target") was using the email account ▓▓▓▓▓▓▓ (Target Account) in connection with the unlawful transactions.

5.       On ▓▓▓▓▓ U.S. Magistrate Judge John Facciola signed a criminal search warrant for the Target Account. The information derived from that search warrant confirmed that the individual target was using the Target Account to obtain electronic components from the

U.S. to be sent to entities within the government of Iran in violation of U.S. export laws. For example, in September 2013, the individual target used the Target Account to communicate with ████████████████████████████████████████ in order to procure parts that were eventually unlawfully exported to Iran.

6.      On ███████ , U.S. Magistrate Judge Michael Harvey signed a criminal search warrant for a different email account ███████████ used by the individual target. That search warrant revealed that the individual target continued to use the Target Account to arrange unlawful export transactions as late as December 2014. For example, the materials obtained through the search warrant revealed a March 2015 transaciton in which the individual target illegally acquire███████████████████████████████████ ███████████████ were purchased through ███████████ ███████ and the individual target exported them to an entity in Iran. In December ███ dividual target used the Target Account to communicate with a sales representative from ███████████ in order to help facilitate the unlawful transaction.

7.      Based upon this history, the FBI has reason to believe that the individual target continues to use the Target Account to facilitate the procurement of U.S. technology that is then unlawfully exported to Iran. Consequently, based upon information learned from the investigation to date, the agents conducting the investigation believe that the records described in Part II of Attachment A are relevant and material to the ongoing criminal investigation.

## REQUEST FOR ORDER

8.      The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the

3

United States identify and locate companies and individual(s) who are engaging in unlawful export transactions, such as those described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google Corporation be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Google Corporation not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

10. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because

their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By:   Frederick W. Yette, DC Bar No. 385391
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530
202-252-7733(o)
Frederick.Yette@usdoj.gov

5

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
IN RE APPLICATION OF THE           )
UNITED STATES OF AMERICA FOR       )      MISC. NO. ____
AN ORDER PURSUANT TO               )
18 U.S.C. § 2703(d)                )
                                   )      **Filed Under Seal**
_____)

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Corporation, an electronic communications service provider and/or a remote computing service located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google Corporation shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers

of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that Google Corporation may disclose this Order to an attorney for Google Corporation for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
United States Magistrate Judge

_____
Date

## ATTACHMENT A

### I.      The Account(s)

The Order applies to certain records and information associated with the following email account(s): ███████████████

### II.     Records and Other Information to Be Disclosed

Google Corporation is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from December 1, 2014 to the present.

  A.    The following information about the customers or subscribers of the Account:

  1.    Names (including subscriber names, user names, and screen names);

  2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  3.    Local and long distance telephone connection records;

  4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  5.    Length of service (including start date) and types of service utilized;

  6.    Telephone or instrument numbers (including MAC addresses);

  7.    Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

  8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

  B.    All records and other information (not including the contents of communications) relating to the Account, including:

  1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

  2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by Google Corporation, and my

official title is _____. I am a custodian of records for Google

Corporation I state that each of the records attached hereto is the original record or a true

duplicate of the original record in the custody of Google Corporation, and that I am the custodian

of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.     all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

    b.     such records were kept in the ordinary course of a regularly conducted business

activity of Google Corporation; and

    c.     such records were made by Google Corporation as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.


_____

Date

_____

Signature

**FILED**

MAR 21 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
)
_____ )

Case: 1:16-mc-00560
Assigned To : Harvey, G. Michael
Assign. Date : 3/21/2016
Description: Miscellaneous

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Corporation, an electronic communications service provider and/or a remote computing service located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google Corporation shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers

of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that Google Corporation may disclose this Order to an attorney for Google Corporation for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
United States Magistrate Judge

3-21-2016
Date

## ATTACHMENT A

### I.      The Account(s)

The Order applies to certain records and information associated with the following email account(s) ▮

### II.     Records and Other Information to Be Disclosed

Google Corporation is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from December 1, 2014 to the present.

A.    The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses);
7. Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.    All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Corporation, and my official title is _____. I am a custodian of records for Google Corporation I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google Corporation, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.    such records were kept in the ordinary course of a regularly conducted business activity of Google Corporation; and

c.    such records were made by Google Corporation as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____
Date                                              Signature

**FILED**

MAR 2 4 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| IN RE APPLICATION OF THE ) | |
| UNITED STATES OF AMERICA FOR ) | MISC. NO. 16-560 |
| AN ORDER PURSUANT TO ) | |
| 18 U.S.C. § 2703(d) ) | |
| ) | Filed Under Seal |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Corporation, an electronic communications service provider and/or a remote computing service located in Redmond, Washington, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google Corporation shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that Google Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers

of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that Google Corporation may disclose this Order to an attorney for Google Corporation for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

United States Magistrate Judge

3/23/16
Date

**ATTACHMENT A**

**I.      The Account(s)**

The Order applies to certain records and information associated with the following email account(s): ███████████████████

**II.     Records and Other Information to Be Disclosed**

Google Corporation is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from December 1, 2014 to the present.

        A.      The following information about the customers or subscribers of the Account:

                1.      Names (including subscriber names, user names, and screen names);

                2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

                3.      Local and long distance telephone connection records;

                4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

                5.      Length of service (including start date) and types of service utilized;

                6.      Telephone or instrument numbers (including MAC addresses);

                7.      Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

                8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

        B.      All records and other information (not including the contents of communications) relating to the Account, including:

                1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

                2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Corporation, and my official title is _____. I am a custodian of records for Google Corporation I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google Corporation, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.    such records were kept in the ordinary course of a regularly conducted business activity of Google Corporation; and

c.    such records were made by Google Corporation as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.


_____              _____
Date                                                  Signature