# ATTACHMENT

# A

*Redacted Docket Materials*

Case 1:16-mc-00024-GMH *SEALED* Document 1 Filed 03/29/16 Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) |

MISC. NO. _____

**Filed Under Seal**

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Yahoo Inc., ("Yahoo"), an Internet service provider located in Sunnyvale, California, to disclose certain records and other information pertaining to the email account ███████████ as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Yahoo is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Yahoo to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.　　A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4.　　The United States is investigating the illegal sale and/or transmittal of prohibited items to ██████████████ The investigation concerns possible violations of, inter alia, the Iranian Transactions and Sanctions Regulations (31 C.F.R. § 560.204), the International Emergency Economic Powers Act (50 U.S.C. §§ 1700-1777) ("IEEPA"), and the Laundering of Monetary Instruments (18 U.S.C. §§ 1956(a)(2)(A); (h)).

5.　　According to a search warrant served on Yahoo in April 2014 for email address ██████████████████████████ was a procurement agent for ██████████ attempting to acquire ██████████ for ██████████ in violation of the ██████████ ████ is on the specially designated nationals (SDN) list by the Department of Treasury's Office of Foreign Assets Control (OFAC). The results of this search warrant showed that ████ is involved in many deals attempting to acquire U.S. parts and ████ from around the world for ████



6.　A review of this search warrant revealed email address ▮▮▮▮▮▮ was in contact with ▮▮▮ about acquiring U.S. origin parts.　The name listed with this email address is ▮▮▮▮▮▮▮▮▮ The email exchanges between ▮▮▮▮▮▮ show their involvement with each other and with ▮▮▮▮▮ They have discussed acquiring U.S. origin parts from another company in ▮▮▮, which would be a violation of U.S. export control laws.　This information shows that the user of ▮▮▮▮▮▮ is aiding ▮▮▮▮ in unlawfully obtaining U.S. origin ▮▮▮ parts.　On November 16, 2015, the Honorable Alan Kay, United States Magistrate Judge, signed an Order pursuant to 18 U.S.C. § 2703(d) requiring Yahoo to provide certain information specified in said order about the email address ▮▮▮▮▮▮▮

7.　Review of the information provided by Yahoo in compliance with the Order pursuant to 18 U.S.C. § 2703(d) confirmed the subscriber to email address ▮▮▮▮▮▮ is ▮▮▮▮ In addition, the records provided by Yahoo revealed extensive contact between ▮▮▮▮▮ and the email address, ▮▮▮▮▮▮ All told there are approximately ▮▮ email communications between ▮▮▮▮ and the user of the email address ▮▮▮▮▮▮ Over half of the ▮▮ emails also have a U.S. company called ▮▮ ▮▮▮▮ on the email.　▮▮▮▮▮ sells ▮▮▮▮ This shows ▮▮▮ in conjunction with ▮▮▮▮▮ is in contact with a U.S. company that sells ▮▮▮▮▮

<u>REQUEST FOR ORDER</u>

8.　The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.　Specifically, these items will help the United States to determine whether the user of ▮▮▮▮▮▮ has knowledge of and

involvement in any trade embargo violations. Accordingly, the United States requests that Yahoo be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Yahoo not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is not public, and its disclosure may alert the target to the ongoing continuing investigation and the government's efforts to locate and arrest him. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

10. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

John Hill
Assistant U.S. Attorney
TX Bar No. 24059951
National Security Section
United States Attorney's Office
555 Fourth Street, N.W., 11th floor
Washington, D.C. 20530
(202) 252-7227
John.Hill3@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  | ) | |
|---|---|---|
| IN RE APPLICATION OF THE | ) | |
| UNITED STATES OF AMERICA FOR | ) | MISC. NO. ____ |
| AN ORDER PURSUANT TO | ) | |
| 18 U.S.C. § 2703(d) | ) | |
|  | ) | **Filed Under Seal** |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo Inc., ("Yahoo"), an electronic communications services provider and/or a remote computing service located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of

6

180 days, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

7

## ATTACHMENT A

### I.    The Account(s)

The Order applies to certain records and information associated with the following email account: ████████████████

### II.    Records and Other Information to Be Disclosed

Yahoo is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period inception of the account to present:

A.    The following information about the customers or subscribers of the Account:

1.    Names (including subscriber names, user names, and screen names);
2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3.    Local and long distance telephone connection records;
4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5.    Length of service (including start date) and types of service utilized;
6.    Telephone or instrument numbers (including MAC addresses);
7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8.    Means and source of payment for such service (including any credit card or bank account number).

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information; and

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

2

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo, and my official title is

_____. I am a custodian of records for Yahoo. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity of Yahoo; and

c.      such records were made by Yahoo as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____
Date                                Signature

**FILED**

MAR 30 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
)
)

Case: 1:16-mc-00624
Assigned To : Harvey, G. Michael
Assign. Date : 3/29/2016
Description: Misc.

**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Yahoo Inc., ("Yahoo"), an electronic communications services provider and/or a remote computing service located in Sunnyvale, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Yahoo shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Yahoo shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of

6



7

180 days, except that Yahoo may disclose this Order to an attorney for Yahoo for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

3/29/16
Date

7

## ATTACHMENT A

### I.        The Account(s)

The Order applies to certain records and information associated with the following email account: ████████████████████

### II.    Records and Other Information to Be Disclosed

Yahoo is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period inception of the account to present:

> A.        The following information about the customers or subscribers of the Account:
>
> > 1.        Names (including subscriber names, user names, and screen names);
> >
> > 2.        Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
> >
> > 3.        Local and long distance telephone connection records;
> >
> > 4.        Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
> >
> > 5.        Length of service (including start date) and types of service utilized;
> >
> > 6.        Telephone or instrument numbers (including MAC addresses);
> >
> > 7.        Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
> >
> > 8.        Means and source of payment for such service (including any credit card or bank account number).

B.    All records and other information (not including the contents of communications) relating to the Account, including:

1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information; and

3.    Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo, and my official title is _____. I am a custodian of records for Yahoo. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. such records were kept in the ordinary course of a regularly conducted business activity of Yahoo; and

c. such records were made by Yahoo as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                 Signature