# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case: 1:16-mc-01246<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 6/14/2016<br>Description: Misc.<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google Inc. (Google), an electronic communication service provider and/or remote computing service located in Mountain View, California, to disclose certain records and other information pertaining to the email account described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

Case 1:16-sc-00209-GMH *SEALED* Document 1 Filed 04/30/16 Page 2 of 38

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation into alleged export violations.

## THE RELEVANT FACTS

4.  There are reasonable grounds to believe that ████████ and others have violated 18 U.S.C. § 371 and 50 U.S.C. § 1705, (the criminal statutes for Conspiracy and the International Emergency Economic Powers Act, respectively). There are also reasonable grounds to believe evidence of those crimes is to be found in the email account listed in Part I of Attachment A.

*Reasonable Grounds to Believe OceanWorks is Engaged in Criminal Activity*



5.  ████████████████████████████████ is a privately held United States company headquartered in ████████████████████ ████████████████ is based in ████████████ According to U.S. State Department Directorate of Defense Trade Controls ("DDTC") registration documentation,

According to Innovation, Science and Economic Development Canada[1], <span style="background:black"> </span>



From the investigation thus far, it is unclear which company is the parent and subsidiary. It is likely that for practical purposes they are one and the same.

6.      According to the ████████████████████████ has ███ employees.

7.      The CEO of OW is ███████████ CLEAR[2] database searches indicate his email address is ███████████████

---

[1] Innovation, Science and Economic Development Canada ("ISEDC") is a Canadian federal institution that leads Canada's Innovation, Science and Economic Development portfolio.

[2] CLEAR is a public and proprietary records search tool sold and maintained by Thomson Reuters.





Case 1:16-cr-00909-WHA *SEALED* Document 176 Filed 04/30/16 Page 6 of 38



Case 1:16-cr-00290-GWA-SEALED Document 176 Filed 04/06/16 Page 7 of 38



21.    In February of 2016, FBI ███████ obtained a document entitled, ██████████████ ███████████████████ Purchase Order Terms and Conditions" via open source. Paragraph twelve is titled "Compliance with Laws." This paragraph references U.S. export laws, indicating ████ is aware of those laws.

*Reasonable Grounds to Believe Evidence Will Be Found in the Email Account*

22.    Companies involved in modern international business transactions rely heavily on email to communicate with their customers. Email communications are superior to real time voice communications in that they are permanent and do not require both parties to the communication to participate at the same time. Email is especially important to companies doing business with customers on work schedules that make real time voice communications

7

difficult. For example, ███████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ If both companies' employees work

9:00 AM to 5:00 PM, there is never a moment when employees from both companies are

working at the same time. Therefore, it is especially likely ████████████ are using email to

conduct business between them.

23. In particular, it is likely that ████████████ has communicated via email with

███████████████████████████ based on ████████ personal and professional relationship

with ████████ This relationship is demonstrated in part by their mutual attendance at ████████



24. Email is also superior to traditional forms of written communication such as

postal services and couriers. It is significantly cheaper, especially when combined with scanners

or encrypted electronic signing technology, which permit the endorsement and transmission of

documents such as invoices, contracts, and price quotes through email attachments without the

cost of postage or time commitment of travel to face-to-face meetings. It is also faster – nearly

instantaneous – permitting businesses to do more in less time.

25. Businesses tend to use their email accounts to store customer communications for

an extended period of time. Businesses retain customer communications for a host of reasons

████████████████████████████████████

8

including to memorialize negotiations, to track customer needs, and in anticipation of litigation. Retaining emails is an inexpensive and convenient way to communicate. Most email software defaults to organizing emails in the order received, permitting the user to keep a running log of the information he receives. The software usually comes with search and filter features, permitting the user to recall messages from a particular sender or containing certain keywords in mere seconds. Further, most email software maintains a copy of all items sent from a particular account, making it easy to recall the information that was conveyed to customers. Consequently, email users typically retain important messages for as long as their server storage capacity will permit.

26.     Additionally, businesses tend to use their email accounts to send and store customer communications even where the business transactions are unlawful. Indeed, it is common practice for officers and employees of companies that engage in international exports to transact multinational business over email, even where criminal liability might arise from those transactions.

<u>REQUEST FOR ORDER</u>

27.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, the email header information will help the United States determine whether ███████████████████████

████████████████████████████████████████████████████████████████

███████ Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

9

28.    The statute of limitations for the relevant allegations of criminal export violations is five years. *See* 18 U.S.C.A. § 3282.  Accordingly, the government requests production of the information described in Part II of Attachment A for this time period, even though ████

████████████████████████████████

29.    The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court.  *See* 18 U.S.C. § 2705(b).  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation.  Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  *See* 18 U.S.C. § 2705(b)(2), (3), (5).  Some of the evidence in this investigation is stored electronically.   If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

30.    The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____John Hill / KK_____
John L. Hill
Assistant United States Attorney
United States Attorney's Office
National Security Section
555 Fourth Street NW, 11th Floor
Washington, DC 20530
(202) 252-7227
John.hill3@usdoj.gov

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case: 1:16-mc-01246<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 6/14/2016<br>Description: Misc.<br><br>**Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Inc. (Google), an electronic communication service provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____           _____
Date                              G. MICHAEL HARVEY
                                  UNITED STATES MAGISTRATE JUDGE


cc:     John L. Hill
        Assistant United States Attorney
        United States Attorney's Office
        National Security Section
        555 Fourth Street NW, 11th Floor
        Washington, DC 20530
        (202) 252-7227
        John.hill3@usdoj.gov

# ATTACHMENT A

## I.     The Account

The Order applies to certain records and information associated with a customer or subscriber account of an email service provided by Google Inc. (Google) located in Mountain View, California. The Google account is identified as ██████████████

## II.     Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period **June 14, 2011 to the present**:

A.     **Information about the customers or subscribers of the Account:**

1.     Names (including subscriber names, user names, and screen names);

2.     Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.     Local and long distance telephone connection records;

4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.     Length of service (including start date) and types of service utilized;

6.     Telephone or instrument numbers (including MAC addresses);

7.     Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.     Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Accounts (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel); and

4. Information about any Android devices tied to the Account, including the device ID, IMEI/MEID, Android hardware information, cell carrier/service provider, and all apps purchased or downloaded using the Account on any Android devices, including the name of each app, the date of purchase or download, and IP addresses during downloads.

2

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Inc. (Google), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.       all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.       such records were kept in the ordinary course of a regularly conducted business activity of Google; and

c.       such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                                                Signature

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. 16-mc-01246

**Filed Under Seal**

## AMENDED APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google Inc. (Google), an electronic communication service provider and/or remote computing service located in Mountain View, California, to disclose certain records and other information pertaining to the email account described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.    A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation into alleged export violations.

THE RELEVANT FACTS

4.    There are reasonable grounds to believe that ▮▮▮▮▮▮ and others have violated 18 U.S.C. § 371 and 50 U.S.C. § 1705, (the criminal statutes for Conspiracy and the International Emergency Economic Powers Act, respectively).    There are also reasonable grounds to believe evidence of those crimes is to be found in the email account listed in Part I of Attachment A.

*Reasonable Grounds to Believe* ▮▮▮▮▮▮ *is Engaged in Criminal Activity*

5.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a privately held United States company headquartered in ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ According to U.S. State Department Directorate of Defense Trade Controls ("DDTC") registration documentation,



According to Innovation, Science and Economic Development Canada[1], █████████

█████████████████████████████████████████████████████████████████████████████

█████████ From the investigation thus far, it is unclear which company is the parent and

subsidiary. It is likely that for practical purposes they are one and the same.

6.   According to the ████████████████████ OW has ██ employees.

According to ███ website, it specializes in ██████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

7.   The CEO of ████████████████ CLEAR[2] database searches indicate his

email address is ████████████████████



---

[1] Innovation, Science and Economic Development Canada ("ISEDC") is a Canadian federal institution that leads Canada's Innovation, Science and Economic Development portfolio.

[2] CLEAR is a public and proprietary records search tool sold and maintained by Thomson Reuters.







█████████████████████████████████████████████████

20.     Indeed, results obtained from an order issued under 18 U.S.C. §2703(d) revealed that from 2012 through 2015, the email addresses ███████████████ (belonging to ████ and ████████████████ (belonging to █████████ communicated with each other over 80 times.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

23.     In February of 2016, FBI ████████ obtained a document entitled, ████████

██████████████████████ Purchase Order Terms and Conditions" via open source. Paragraph twelve is titled "Compliance with Laws." This paragraph references U.S. export laws, indicating ████ is aware of those laws.

### *Reasonable Grounds to Believe Evidence Will Be Found in the Email Account*

24. Companies involved in modern international business transactions rely heavily on email to communicate with their customers. Email communications are superior to real time voice communications in that they are permanent and do not require both parties to the communication to participate at the same time. Email is especially important to companies doing business with customers on work schedules that make real time voice communications difficult. ████████████████████████████████████████

████████████████████████████████████████

██████████████████████ If both companies' employees work 9:00 AM to 5:00 PM, there is never a moment when employees from both companies are working at the same time. Therefore, it is especially likely ████████████ are using email to conduct business between them.

25. Email is also superior to traditional forms of written communication such as postal services and couriers. It is significantly cheaper, especially when combined with scanners or encrypted electronic signing technology, which permit the endorsement and transmission of documents such as invoices, contracts, and price quotes through email attachments without the cost of postage or time commitment of travel to face-to-face meetings. It is also faster – nearly instantaneous – permitting businesses to do more in less time.

26. Businesses tend to use their email accounts to store customer communications for an extended period of time. Businesses retain customer communications for a host of reasons

8

including to memorialize negotiations, to track customer needs, and in anticipation of litigation. Retaining emails is an inexpensive and convenient way to communicate. Most email software defaults to organizing emails in the order received, permitting the user to keep a running log of the information he receives. The software usually comes with search and filter features, permitting the user to recall messages from a particular sender or containing certain keywords in mere seconds. Further, most email software maintains a copy of all items sent from a particular account, making it easy to recall the information that was conveyed to customers. Consequently, email users typically retain important messages for as long as their server storage capacity will permit.

27.     Additionally, businesses tend to use their email accounts to send and store customer communications even where the business transactions are unlawful. Indeed, it is common practice for officers and employees of companies that engage in international exports to transact multinational business over email, even where criminal liability might arise from those transactions.

## REQUEST FOR ORDER

28.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, the email header information will help the United States determine whether █████████████████ ████████████████████████████████████████ ██████████████ Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

9

29. The statute of limitations for the relevant allegations of criminal export violations is five years. *See* 18 U.S.C.A. § 3282. Accordingly, the government requests production of the information described in Part II of Attachment A for this time period, even though ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ appears to predate this period.

30. The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

31. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By: _____
John L. Hill
Assistant United States Attorney
United States Attorney's Office
National Security Section
555 Fourth Street NW, 11th Floor
Washington, DC 20530
(202) 252-7227
John.hill3@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____ |
| | **Under Seal** |

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Inc. (Google), an electronic communication service provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
Date

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

cc:    John L. Hill
Assistant United States Attorney
United States Attorney's Office
National Security Section
555 Fourth Street NW, 11th Floor
Washington, DC 20530
(202) 252-7227
John.hill3@usdoj.gov

## ATTACHMENT A

### I.    The Account

The Order applies to certain records and information associated with a customer or

subscriber account of an email service provided by Google Inc. (Google) located in Mountain

View, California.  The Google account is identified as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### II.    Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to

the United States for the account or identifier listed in Part I of this Attachment ("Account"), for

the time period **June 21, 2011 to the present**:

#### A.    Information about the customers or subscribers of the Account:

1.    Names (including subscriber names, user names, and screen names);

2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.    Local and long distance telephone connection records;

4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.    Length of service (including start date) and types of service utilized;

6.    Telephone or instrument numbers (including MAC addresses);

7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.** **All records and other information relating to the Accounts (except the contents of communications), including:**

 1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

 2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

 3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel); and

 4. Information about any Android devices tied to the Account, including the device ID, IMEI/MEID, Android hardware information, cell carrier/service provider, and all apps purchased or downloaded using the Account on any Android devices, including the name of each app, the date of purchase or download, and IP addresses during downloads.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Inc. (Google), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.       all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.       such records were kept in the ordinary course of a regularly conducted business activity of Google; and

c.       such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                               Signature

**FILED**

JUN 22 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. __16 - 1246__

**Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google Inc. (Google), an electronic communication service provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

(N)

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

6/21/16

_____
Date

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

cc:   John L. Hill
      Assistant United States Attorney
      United States Attorney's Office
      National Security Section
      555 Fourth Street NW, 11th Floor
      Washington, DC 20530
      (202) 252-7227
      John.hill3@usdoj.gov

2

**ATTACHMENT A**

## I.  The Account

The Order applies to certain records and information associated with a customer or subscriber account of an email service provided by Google Inc. (Google) located in Mountain View, California.  The Google account is identified as ███████████████

## II.  Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period **June 21, 2011 to the present**:

**A.  Information about the customers or subscribers of the Account:**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.** **All records and other information relating to the Accounts (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel); and

4. Information about any Android devices tied to the Account, including the device ID, IMEI/MEID, Android hardware information, cell carrier/service provider, and all apps purchased or downloaded using the Account on any Android devices, including the name of each app, the date of purchase or download, and IP addresses during downloads.

2

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Inc. (Google), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      such records were kept in the ordinary course of a regularly conducted business activity of Google; and

c.      such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                                Signature