# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. N<br><br>**Filed U**<br><br>Case: 1:16-mc-01295<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 6/20/2016<br>Description: Misc. |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T Wireless ("AT&T"), a wireless telecommunication service provider and/or a remote computing service located in North Palm Beach, Florida, to disclose certain records and other information pertaining to the AT&T wireless telecommunications service customer or subscriber account identified as, mobile phone number ███████, as set forth in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. AT&T is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require AT&T to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.        A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4.        The United States is investigating the theft of Government funds, wire fraud, and providing false statements.  The investigation concerns possible violations of, *inter alia*, 18 U.S.C. § 641, 18 U.S.C. § 1343, 18 U.S.C. § 1001.

5.        Internal Revenue Service ("IRS") employee ▮▮▮▮▮▮ is the subject of a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ criminal investigation and is a customer of AT&T; assigned the mobile phone number ▮▮▮▮▮▮

6.        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



7. ███████████████████████████████████████████████

8. ████████ is under investigation for receiving wages and benefits for time not worked. An analysis of the subject's ███████████████████████████████████ between █████████████████████████ revealed approximately ███████ of time not worked; equivalent to ███████ These ███████ are based on the time ███████ was in transit to or from ███████ during his official duty hours and there was no corresponding leave request. In total, ███████ has received approximately ███████ in wages and benefits for time not worked. ████████████████████████████████████████ that he

3



reported this statement to ██████████████████

9. ████████████████████████████████ computer system to record employees' time and attendance records and leave requests. Each week employees enter their time and attendance and at the end of the pay period employees validate their record and submit it for supervisory review. The server on which ████ is located is in ████████████ ████████ The time period reviewed consisted of █████████████████████ ███████████████ reports containing false information. ██████████ leave history was reviewed and he did not use leave for any of the unaccounted time.

10. For example, ████████████████████████████ that on ███ occasions he tried to locate ███████████████████████ did not use leave on any of the █████████ of the days, the supervisor e-mailed and/or called ██ ███████ asking where he was and █████████ later responded that he was away from his desk working with a customer ██████████████████████ However, on all ██ occasions, █████████████ indicate that returned to █████████████ ███████ the closest ████████████████████████ resides at ████████████████████████████████████████ is not near any █████████ The closest ████████████████████████ █████████████ that █████████ is responsible for is his official ████████████ ████████████████████████████████████████ Details of the ████ occasions █████████ was contacted by ████████████ are as follows:

11. ████████████████████████ informed the ████████████ ████████████ that he could not locate ████████████████████████ ████████████████ indicated that he sent █████████ e-mails inquiring about ████████

and status to no avail. ▮▮▮▮▮▮▮▮▮ requested that he try calling ▮▮▮▮▮ At ▮▮▮▮▮▮▮▮ advised ▮▮▮▮▮▮▮▮ that he left a voicemail message on ▮▮▮▮▮▮▮▮▮▮▮▮▮ and to let him know where he was. ▮▮▮▮▮▮▮ contacted the ▮▮▮▮▮▮ and reported that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ However, according to ▮▮▮▮▮▮▮▮▮▮▮ was used to enter ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ did not reflect any leave taken on this date.

12. ▮▮▮▮▮▮▮ was on leave the week of ▮▮▮▮▮ ▮▮▮▮▮▮▮ acted in his absence. ▮▮▮▮▮▮▮▮▮▮ e-mailed ▮▮▮▮▮▮▮ left early on ▮▮▮▮▮▮▮ On ▮▮▮▮▮▮▮▮▮ e-mailed ▮▮▮ the following message, ▮▮▮



▮▮▮▮▮▮▮▮▮▮ responded to the e-mail stating ▮ ▮▮▮▮▮▮ According to ▮▮▮▮▮▮▮▮ was used on ▮▮▮▮ to enter the ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was used on ▮▮▮▮▮▮▮▮▮▮▮ and at ▮▮▮▮▮▮

5

13. ███████████ sent an e-mail to ███████ and went by ███████████ to discuss an assignment he was supposed to be working on. ██ ██ was not at ███████████████



14. ███████████████ went to ████████████ ██ to discuss ███████████████ was not at ███████████ ███████████████████ ███████████████████ According to ███████████████████ to enter ███████████████ ███████████ record did not reflect any leave taken on this date.

15. ███████████████ that he could not locate ███████████ According to ███████████ ███████████████████ ███████████████ record did not reflect any leave taken on this date.

16. ███████████████ that he could not locate ███████████████



████████████████████████████████████ record did not

reflect any leave taken on this date.

17. ████████████████████████ that he could not

locate ████████████████████████████████████

████████████████████████████████████████

████████████████████████████ record did not reflect

any leave taken on this date.

18. ████████████████████████ that he went looking

for ████████████████████████████████████████

████████████████████████████████████████

████████████ According to ████████████████████

████████████████ to enter ████████████████████

████████████████████████ record did not reflect any leave

taken on this date.

19. ████████████████████████ e-mailed him at 2:05 PM the

following, ████████████████████████████████████

████████████████████████████████████████

████████████████████████ did not get a response before the end of ████

████████████████████████ records, ████████████████████ on

████████████████████████████████████████

████████████████████ There is ████████████████████

████████████████ record did not reflect any leave taken on this date.

.

7

20. ███████████████████████ attended a subject interview with ████████

███████████████████████████████████████████████████████████████

███████████████████████████ confirmed that he commutes to work using ████████ participates in ███████████████████ records subpoenaed are associated to the same ████████ that is in his possession, based on ███████████████████ stated that he has not sold, given, or transferred ████████ to anyone else. ████████ advised that he adheres to ████████ and that he is the only one who uses ████████ reported that he has worked for ████████, and that his official tour of duty has been ████████ for several years.

21. Although ████████ changed his commuting patter in ████████ (by staying at work until the end of his tour of duty), he currently has reverted to his pattern of leaving work early, according to ████████

22. The AT&T records described in Attachment A are relevant and material to the ongoing investigation because the historical cell site location information will confirm that the subject was not at his assigned post of duty during his official duty hours when he certified that he was.

## REQUEST FOR ORDER

23. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to determine the subject's location during the time in question. Accordingly, the United States requests that AT&T be directed to produce all items described in Part II of Attachment A to the proposed Order.

8

## Request for Non-Disclosure Order

24.     The United States further requests that the Order require AT&T not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court.  The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the Order directed to it.  Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1)     endangering the life or physical safety of an individual;
> (2)     flight from prosecution;
> (3)     destruction of or tampering with evidence;
> (4)     intimidation of potential witnesses; or
> (5)     otherwise seriously jeopardizing an investigation or unduly delaying a trial.

25.     In this Application, the United States is acting under subsections 2703(c) and (d).  Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to AT&T pursuant to section 2705(b).  Such a non-disclosure Order is appropriate in this matter because the requested 2703(d) Order relates to an ongoing criminal investigation.  Although ████████ was interviewed by law enforcement agents regarding the ████████████████ he is unaware of the scope and direction of the investigation. There is reason to believe that notification of the 2703(d) Order would seriously jeopardize the

investigation, including by giving the target(s) an opportunity to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5).

### Request for Sealing Order

26. In this matter, the government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request. *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS

United States Attorney
for the District of Columbia

By: _____

VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C. 20530
(202) 252-7820

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. Nc

Under S

Case: 1:16-mc-01295
Assigned To : Harvey, G. Michael
Assign. Date : 6/20/2016
Description: Misc.

## **ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring AT&T Wireless ("AT&T"), an electronic

communication service provider and/or a remote computing service located in North Palm

Beach, Florida, to disclose the records and other information described in Attachment A to this

Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5). The Court

further finds that the government has established that a compelling governmental interest exists

to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that AT&T shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that AT&T shall not disclose

the existence of the Application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that AT&T may disclose this Order to an attorney for AT&T for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:   VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C. 20530

**ATTACHMENT A**

**I.      The Account(s)**

The Order applies to certain records and information associated with a customer or subscriber account of a wireless telecommunications service provided by AT&T Wireless ("AT&T") located in North Palm Beach, Florida.  The AT&T account is identified by the telephone number [REDACTED] ("the Account").

**II.      Records and Other Information to Be Disclosed**

AT&T is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from January 2, 2011 to the date of this Order:

**A.      Information about the customer(s) or subscriber(s) of the Account**

1.      Names (including subscriber names, user names, and screen names);

2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.      Local and long distance telephone connection records;

4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.      Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel); and

4. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

**FILED**

JUN 21 2016

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. N    **Under** |

Case: 1:16-mc-01295
Assigned To : Harvey, G. Michael
Assign. Date : 6/20/2016
Description: Misc.

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Sprint Corporation ("Sprint"), an electronic communication service provider and/or a remote computing service located in Overland Park, Kansas, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Sprint shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Sprint shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180

days or until otherwise authorized to do so by the Court, except that Sprint may disclose this

Order to an attorney for Sprint for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until

otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE

6/20/16
Date

CC:        VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C. 20530

## ATTACHMENT A

### I.       The Account(s)

The Order applies to certain records and information associated with a customer or subscriber account of a wireless telecommunications service provided by Sprint Corporation ("Sprint") located in Overland Park, Kansas.  The Sprint account is identified by the telephone number ▮▮▮▮▮▮ ("the Account").

### II.      Records and Other Information to Be Disclosed

Sprint is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from January 2, 2011 to the date of this Order:

#### A.       Information about the customer(s) or subscriber(s) of the Account

1.       Names (including subscriber names, user names, and screen names);

2.       Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.       Local and long distance telephone connection records;

4.       Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.       Length of service (including start date) and types of service utilized;

6.       Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7.       Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.  All records and other information relating to the Account (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

3. Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel); and

4. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Sprint, and my official title is _____. I am a custodian of records for Sprint. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Sprint, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. Such records were kept in the ordinary course of a regularly conducted business activity of Sprint; and

c. Such records were made by Sprint as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____     _____
Date                                          Signature