# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Namecheap, Inc. ("Namecheap"), an electronic communications and/or remote computing service provider located in Los Angeles, California, to disclose certain records and other information relating to Namecheap account(s) described in Part I of Attachment A to the proposed Order. The items to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1.      Namecheap is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Namecheap to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(1)-(2).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers

specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The United States is investigating "dark web" criminal forums using commercial web-hosting services in the United States. Such forums are designed to enable their users anonymously to share information about criminal activity and to buy and sell contraband relating to that criminal activity, such as ███████████████ This investigation concerns, *inter alia*, possible violations of 18 U.S.C. §§ 1029 (access device fraud), 1030 (computer fraud), and 1956 (money laundering). In relation to this investigation, the United States is collaborating with foreign law enforcement partners in an ongoing effort to locate and investigate the web-hosting and other infrastructure of dark web criminal forums.

5.     During the course of this investigation, the Federal Bureau of Investigation ("FBI") has learned of an online criminal forum having the domain ███████ In this forum, the FBI found multiple discussion threads relating to ████████████████████ ████████████████████ For example, some of these discussion threads were labeled, ████████████████████████ ████████████████████████████ Based on open source information, including ██████████████████████ records, the FBI has learned that, as of ███████████████ resolves to IP address

2

██████████ assigned to the web-hosting company Namecheap.

6. Records associated with web-hosting account(s) associated with domain name ████████████████████████████ are in the custody of Namecheap. The proposed Order seeks records and other information (not including the contents of communications) concerning such account(s) and related user activity which may lead to evidence of the criminal activity under investigation and may help identify those responsible for the account(s).

## REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individuals who are responsible for the events described above, and determine the nature and scope of their activities. Accordingly, the United States requests that Namecheap be directed to produce all items described in Part II of Attachment A.

8. The United States further requests that the Order require Namecheap not to disclose this application and any resulting order to any other person (except attorneys for Namecheap for the purpose of receiving legal advice) for a period of one year or until further order of the Court. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to the potential target(s) of the investigation, and its disclosure may alert those target(s) to the ongoing investigation.

3

Accordingly, there is reason to believe that notification about the requested Order will seriously jeopardize the investigation, including by giving the potential targets an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2)-(5). Indeed, much of the evidence in this investigation is stored electronically. If alerted to the investigation, the potential target(s) under investigation could destroy or encrypt that evidence, including information saved to personal computers.

9. Given the complex nature of the criminal activity under investigation and likely involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the Government anticipates that this confidential investigation will continue for the next year or longer. However, should circumstances change such that court-ordered nondisclosure under 18 U.S.C. § 2705(b) becomes no longer needed, the Government will notify the Court and seek appropriate relief.

10.  In this matter, the Government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Furthermore, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order.  *See id.*

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415793

By:  _____,
ALLEN T. O'ROURKE
Assistant U.S. Attorney
N.C. Bar Number 38404
United States Attorney's Office
555 Fourth Street, N.W., Room 4231
Washington, D.C.  20530
(202) 252-7527
Allen.O'Rourke@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____ <br><br> **Under Seal** |

## ORDER

The United States has submitted an application under 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Namecheap, Inc. ("Namecheap"), an electronic communications and/or remote computing service provider located in Los Angeles, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there are reasonable grounds to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Namecheap shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Namecheap shall not disclose the existence of this Order of the Court to any other person for a period of one year or until otherwise ordered by the Court, except that Namecheap may disclose this Order to an attorney for Namecheap for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____

UNITED STATES MAGISTRATE JUDGE

_____
Date

2

## ATTACHMENT A

### I.  The Account(s)

The Order applies to certain records and other information associated with domain name

████████████████████████████

### II.  Records and Other Information to Be Disclosed

Namecheap is required to disclose to the United States, if available, the following information for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from January 1, 2016, to the present.

#### A.  Information about the customer(s) or subscriber(s) of the Account

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
3. Records of session times and durations (including associated IP addresses);
4. Length of service (including start date) and types of service utilized;
5. Telephone or instrument number or other subscriber number or identity (including device identification and the IP address used for registration); and
6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

#### B.  Other information relating to the Account (except contents of communications)

1. Information about any server hosting or website hosting service using the Account, including records of net flow information.

**FILED**

JUN 2 2 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)** | Case: 1:16-mc-01304 <br> Assigned To : Harvey, G. Michael <br> Assign. Date : 6/21/2016 <br> Description: Miscellaneous |

### ORDER

The United States has submitted an application under 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Namecheap, Inc. ("Namecheap"), an electronic communications and/or remote computing service provider located in Los Angeles, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there are reasonable grounds to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Namecheap shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Namecheap shall not disclose the existence of this Order of the Court to any other person for a period of one year or until otherwise ordered by the Court, except that Namecheap may disclose this Order to an attorney for Namecheap for the purpose of receiving legal advice.

(2)

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE

6/21/16
_____
Date

2

# ATTACHMENT A

## I.  The Account(s)

The Order applies to certain records and other information associated with domain name

## II.  Records and Other Information to Be Disclosed

Namecheap is required to disclose to the United States, if available, the following information for each account or identifier listed in Part I of this Attachment ("Account"), for the time period from January 1, 2016, to the present.

### A.  Information about the customer(s) or subscriber(s) of the Account

1.  Names (including subscriber names, user names, and screen names);
2.  Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
3.  Records of session times and durations (including associated IP addresses);
4.  Length of service (including start date) and types of service utilized;
5.  Telephone or instrument number or other subscriber number or identity (including device identification and the IP address used for registration); and
6.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

### B.  Other information relating to the Account (except contents of communications)

1.  Information about any server hosting or website hosting service using the Account, including records of net flow information.