# ATTACHMENT

# A

*Redacted Docket Materials*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT MICROSOFT RELATING TO MULTIPLE ACCOUNTS | Misc. No. _____ <br><br> **Filed Under Seal** |

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**
**DIRECTED AT MICROSOFT RELATING TO MULTIPLE ACCOUNTS**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Microsoft Corporation ("Microsoft"), an electronic communications and/or remote computing service provider located in Redmond, Washington, to disclose certain records and other information pertaining to the Microsoft account(s) set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.

**LEGAL BACKGROUND**

1. Microsoft is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require Microsoft to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating possible violations of 18 U.S.C. § 1030 (fraud and related activity in connection with computers). The investigation concerns a scheme whereby one or more subject(s) operated malicious software, or "malware," designed to ▮ ▮ Specifically, the Federal Bureau of Investigation ("FBI") has learned of ▮ ▮ This malware would cause victim computers to ▮ ▮

5. One of these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was sent from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Government obtained search warrant ▮▮▮▮▮ directed to Google relating to ▮▮▮▮▮▮▮▮▮▮▮ The emails and other information provided by Google confirm that ▮▮▮▮▮▮▮▮▮ had been used for illegal computer hacking. They also indicate that ▮▮▮▮▮▮▮▮▮ communicated with ▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮ in furtherance of the criminal scheme. Specifically, these accounts appear to have been used to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. Moreover, the spear-phishing email from ▮▮▮▮▮▮▮▮▮ contained an attachment causing the delivery of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ From ▮▮▮▮▮▮▮▮▮▮▮ records, the FBI determined that IP address ▮▮▮▮▮ previously hosted ▮▮▮▮▮▮▮▮▮▮▮ These are socially engineered domain names consistent with computer hacking. According to ▮▮▮▮ records, ▮▮▮▮▮▮▮▮▮▮▮ was registered using the email address ▮▮▮▮▮▮▮ further indicating that this account has been used by the subject(s) responsible for the criminal activity under investigation.

7. The Government obtained court order ▮▮▮▮▮▮ under 18 U.S.C. § 2703(d) directed to Google relating to ▮▮▮▮▮▮▮ Subsequently, the Government obtained search warrant ▮▮▮▮▮ directed to Google concerning the same account. The records then provided by Google confirmed that ▮▮▮▮▮▮▮ was being used for the criminal activity under investigation. The transactional records also reveal other accounts linked to ▮▮▮▮▮▮▮ which may also have been used for the criminal activity or which may help identify the subject(s) responsible. In particular, Google's records show that Google accounts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



have been accessed from the same computer having a unique machine cookie generated by Google. Furthermore, Google account ▇▇▇▇▇▇▇ and several other accounts, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇were verified using ▇▇▇ telephone number ▇▇▇▇▇▇▇▇▇▇ Of these Google accounts linked by unique identifier(s) to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ uses the recovery email address ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ uses the recovery email address ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇ use the recovery email address ▇▇▇▇▇▇▇

8. Records for Microsoft account(s) associated with ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ are in the custody of Microsoft. The proposed Order seeks records and other information (not including the contents of communications) concerning such Microsoft account(s) and associated user activity which may lead to evidence of the criminal activity under investigation and may help identify and locate the subject(s) responsible.

## REQUEST FOR ORDER

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that Microsoft be directed to produce all items described in Part II of Attachment A to the proposed Order.

4

10. The United States further requests that the Order require Microsoft not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

11. An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by

giving potential target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

12.     Given the complex nature of the criminal activity under investigation and the potential involvement of foreign-based perpetrators or foreign-based evidence, the Government anticipates that this investigation will remain ongoing and confidential for the next year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

13.     In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793

By: _____

ALLEN T. O'ROURKE
Assistant U.S. Attorney
N.C. Bar Number 38404
United States Attorney's Office
555 Fourth Street, N.W., Room 4231
Washington, D.C. 20530
(202) 252-7527
Allen.ORourke@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT MICROSOFT RELATING TO MULTIPLE ACCOUNTS | Misc. No. _____<br><br>**Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation ("Microsoft"), an electronic communications and/or remote computing service provider located in Redmond, Washington, to disclose the records and information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Microsoft shall not disclose the existence of this Order of the Court to any other person for a period of one year or until

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT MICROSOFT RELATING
TO MULTIPLE ACCOUNTS

Misc. No. _____

**Filed Under Seal**

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation ("Microsoft"), an electronic communications and/or remote computing service provider located in Redmond, Washington, to disclose the records and information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Microsoft shall not disclose the existence of this Order of the Court to any other person for a period of one year or until

otherwise ordered by the Court, except that Microsoft may disclose this Order to an attorney for Microsoft for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE

_____
Date


CC:     Allen T. O'Rourke
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Email: Allen.ORourke@usdoj.gov

2

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and other information for any Microsoft account associated with the following identifier(s), and for any Microsoft account linked thereto by telephone number, recovery email address, login Internet Protocol ("IP") address during 24-hour period, cookie(s), or Advertising ID:



### II. Records and Other Information to Be Disclosed

Microsoft is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Microsoft account linked to such account or identifier by telephone number, recovery email address, login IP address during 24-hour period, cookie(s), or Advertising ID ("Linked Accounts").

**A. For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof, for the time period from account inception to the present:**

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
3. Records of session times and durations (including IP addresses and port numbers associated with those sessions);
4. Length of service (including start date) and types of service utilized;
5. Telephone or instrument number or other subscriber number or identity (including device identification and the IP address and port number used for registration); and
6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. For the Account and for all Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

1. Information about each connection made to or from the Account, including date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses and port numbers; and any associated device or user identifiers (including GUID, cookies, and Advertising ID's);

2. Information about each electronic communication sent, received, or stored in draft form by the Account, including the date and time, the method of communication (such as email, instant message, or social media post), the source and destination of each communication (including user accounts, email addresses, and IP addresses and port numbers), and all metadata and email header information; and

3. Information about each device registered by or used to access the Account, including date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; all device identifiers (including serial number, GUID, MAC address, and IMEI number); and temporarily assigned device or user identifiers (including cookies and Advertising ID's).

2

FILED

JUL 1 5 2016

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT MICROSOFT RELATING
TO MULTIPLE ACCOUNTS

Case: 1:16-mc-01475
Assigned To : Robinson, Deborah A.
Assign. Date : 7/14/2016
Description: MISC

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Microsoft Corporation ("Microsoft"), an electronic communications and/or remote computing service provider located in Redmond, Washington, to disclose the records and information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Microsoft shall not disclose the existence of this Order of the Court to any other person for a period of one year or until

otherwise ordered by the Court, except that Microsoft may disclose this Order to an attorney for Microsoft for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

July 14, 2016

Date

UNITED STATES MAGISTRATE JUDGE
**Deborah A. Robinson**
**United States Magistrate Judge**

CC:    Allen T. O'Rourke
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Email: Allen.ORourke@usdoj.gov

# ATTACHMENT A

## I. The Account(s)

The Order applies to certain records and other information for any Microsoft account associated with the following identifier(s), and for any Microsoft account linked thereto by telephone number, recovery email address, login Internet Protocol ("IP") address during 24-hour period, cookie(s), or Advertising ID:



## II. Records and Other Information to Be Disclosed

Microsoft is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Microsoft account linked to such account or identifier by telephone number, recovery email address, login IP address during 24-hour period, cookie(s), or Advertising ID ("Linked Accounts").

### A. For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof, for the time period from account inception to the present:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
3. Records of session times and durations (including IP addresses and port numbers associated with those sessions);
4. Length of service (including start date) and types of service utilized;
5. Telephone or instrument number or other subscriber number or identity (including device identification and the IP address and port number used for registration); and
6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

### B. For the Account and for all Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:

1. Information about each connection made to or from the Account, including date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses and port numbers; and any associated device or user identifiers (including GUID, cookies, and Advertising ID's);

2. Information about each electronic communication sent, received, or stored in draft form by the Account, including the date and time, the method of communication (such as email, instant message, or social media post), the source and destination of each communication (including user accounts, email addresses, and IP addresses and port numbers), and all metadata and email header information; and

3. Information about each device registered by or used to access the Account, including date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; all device identifiers (including serial number, GUID, MAC address, and IMEI number); and temporarily assigned device or user identifiers (including cookies and Advertising ID's).