# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its attorney, Channing D. Phillips, United States Attorney for the District of Columbia, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, Inc. ("Google"), an electronic communication service provider and/or a remote computing service located in Mountain View, California, to disclose certain records and other information pertaining to the email accounts: ███████████████████ ███████████████ as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.    A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

Background

4.    The U.S. Department of Commerce, Office of Export Enforcement (OEE) is investigating a possible conspiracy by ███████████████████████ and other conspirators, known and unknown, to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), and to unlawfully export commodities to destinations outside the United States, in violation of the Export Administration Regulations (EAR), 15 CFR § 730, *et. seq.*, the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701-1706, and 18 U.S.C § 554(a). OEE believes that ██████ has acted as a front company for ████████ ████████████████████████████████████████████ and has conspired with other parties to illegally procure ███████████ for the benefit of ████ ████ These illegal purchases were made in 2014 and early 2015.



5. In early ████████████████ announced that ██████ had acquired ███████████████████████ OEE believes that these aircraft were supplied to ████ ███████████████████████, as part of the conspiracy under investigation. As a result of ████████ direct connection to the illegal export of these airplanes and associated laundering of funds to procure them, OFAC designated ████████████████████

6. ████████████████████████████████████



The Target Accounts

7. The government is seeking electronic records pertaining to the email accounts ████████████████ ("Target Account 1") and ████████████████ ("Target Account 2") (collectively, the "Target Accounts"). Target Account 1 is believed to be an email account belonging to ████████████████████████████ Target Account 2 is believed to be an email account belonging to ████████████████████████ corresponding to an alias used by ████████████████████



8.      On or about October 22, 2014, ███████████████████████, sent an email addressed to ████████ at Target Account 1, according to information obtained as a result of a court order pursuant to 18 U.S.C. § 2703(d) for electronic records pertaining to email accounts in the alnaserairlines.com domain. *See In re Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*, D.D.C. Docket Number ████████ (Hon. G.M. Harvey) [SEALED]. Other recipients of this message included ███████, at his personal Google account, as well as accounts associated with ███████████████████ ████ is a ███████████████ and was instrumental in arranging ███████████████ █████████████████████████

9.      Target Account 1, associated with ███████████ also sent or received numerous other messages to or from ███████████ personal Google account in 2014 and 2015, according to information obtained as a result of a court order pursuant to 18 U.S.C. § 2703(d) for electronic records pertaining to ███████████ Google account. *See In re Application of the United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*, D.D.C. Docket Number ███████████ (Hon. G.M. Harvey) [SEALED].

10.     Separately, both Target Accounts were involved in a ███████████ scheme to illegally procure ███████████████████████, which also involved ███████████ ████ Specifically, ███████████████████ worked with an individual named ████████ to ███████████████████████ identified by ███████████████████ ███████████████████████ From there, the aircraft were passed through another intermediary and then illegally transferred to ███████████████████ OFAC subsequently designated ███████████████████████ for their role in assisting ███████████ illicit procurement efforts.



11.    According to information obtained via search warrant, ████████ frequently communicated with both Target Accounts about the transaction involving ████████████ *See In the Matter of the Search of Information Associated with* ████████████████ *that Is Stored at Premises Controlled by Google, Inc.*, D.D.C. Docket Number ████████ (Hon. A. Kay) [SEALED].

12.    ████████ frequently used Target Account 2 to provide detailed instructions to ████████ about the transaction. ████████ sometimes forwarded these Target Account 2 messages directly to ████████████████████████████ at Target Account 1.  Some of the messages sent from Target Account 2 were unsigned, some were signed with the pseudonym ████████' and some were signed ████████

13.    For example, on or about ████████████████████ used Target Account 2 to send an email to ████████ requesting that certain changes be made to ████████ ████████  This email was signed ████████████  On or about ████████████ forwarded that email directly to ████████ at Target Account 1.

14.    In another example, on or about ████████████████████ ████████ sent an email to ████████ requesting certain information about ████████████ ████████████████████████ forwarded this email directly to ████████ at Target Account 2, who responded with an unsigned email containing detailed answers to ████████████████████████ forwarded these answers, drafted under the identity of Target Account 2, directly back to ████████████

15.    Because many companies and individuals in the international aviation industry are located in far-flung locations across the globe, and are frequently far from manufacturers, distributors, suppliers, and vendors, they routinely rely on electronic mail to conduct business,

5

negotiate transactions, and confirm payments and financial information. That is particularly likely to be the case here, where the email addresses represent individuals believed to be located in ███████████ and who are acting on behalf of an airline in ██ and involved in efforts to procure aircraft from the United States and ██████ Email, moreover, is likely to be the preferred medium of communication for the transmission of contracts, assignments, agreements, invoices, purchase orders, bills of lading, shipping instructions, technical requirements, inventory lists to purchase, wire transfer and payment confirmation, financial records, and documents pertaining to the business. Such documents are likely to be relevant to the investigation into ████ ██████████ procurement efforts for U.S.-origin aircraft.

16. The government is seeking records for the time period of January 1, 2012 through the present. That date range covers the involvement of the two Target Accounts in the earlier ████████████ illegal procurement scheme involving ██████████████████ It also covers the ████████ period when investigators believe ██████████████████ developed its relationship with ████████ as well as the ████████ period during which ██████████ ████ actively procured ████████████████████████████████ There are reasonable grounds to believe that these records will contain evidence of ██████████████ due diligence and knowledge of ████████████ involvement in these schemes, as well as evidence relating to the individual transactions.

REQUEST FOR ORDER

17. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to locate evidence regarding the involvement of ██████████████████

6

, and other parties in the conspiracy to acquire

U.S.-origin <span style="background:black">     </span> and illegally transfer them to <span style="background:black">   </span> Accordingly, the United

States requests that Google be directed to produce all items described in Part II of Attachment A

to the proposed Order.

Request for Non-Disclosure Order

18.     The United States further requests that the Order require Google not to notify any

person, including the subscriber or customer of the account listed in Part I of Attachment A, of

the existence of the Order for a period of 180 days or until further order of the Court.  The Stored

Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly

authorizes the government to seek a court order directing the provider not to notify any other

person of the existence of the Order directed to it.  Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify
> the subscriber or customer under section 2703(b)(1), . . . may apply to a court for
> an order commanding a provider of electronic communications service or remote
> computing service to whom a warrant, subpoena, or court order is directed, for
> such period as the court deems appropriate, not to notify any other person of the
> existence of the warrant, subpoena, or court order. The court shall enter such an
> order if it determines that there is reason to believe that notification of the
> existence of the warrant, subpoena, or court order will result in—
>
> (1)     endangering the life or physical safety of an individual;
> (2)     flight from prosecution;
> (3)     destruction of or tampering with evidence;
> (4)     intimidation of potential witnesses; or
> (5)     otherwise seriously jeopardizing an investigation or unduly
>         delaying a trial.

19.     In this Application, the United States is acting under subsections 2703(c) and (d).

Accordingly, the government is not required to provide notice to a subscriber or customer of the

Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a

non-disclosure Order to Google pursuant to section 2705(b).  Such a non-disclosure Order is

7

appropriate in this matter because the requested 2703(d) Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. There is reason to believe that notification of the 2703(d) Order would seriously jeopardize the investigation, including by giving the target(s) an opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

Request for Sealing Order

20.     In this matter, the government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request. *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By:      /s/Christopher B. Brown
　　　‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Christopher B. Brown
D.C. Bar No. 1008763
Zia M. Faruqui
D.C. Bar No. 494990
Assistant U.S. Attorneys
United States Attorney's Office
555 4th Street, N.W.,
Washington, D.C. 20530
Brown: (202) 252-7153
Christopher.Brown6@usdoj.gov
Faruqui: (202) 252-7117
Zia.Faruqui@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Misc. No. _____

**Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communication service provider and/or a remote computing service located in Mountain View, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
HON. DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:    Christopher B. Brown
Assistant U.S. Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 4814
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

**ATTACHMENT A**

**I.        The Account(s)**

The Order applies to certain records and information associated with customer or subscriber accounts of an email service provided by Google, Inc. ("Google") located in Mountain View, California.  The Google accounts are identified as the email accounts ███████████████████████████████████████ ("the Accounts").

**II.        Records and Other Information to Be Disclosed**

Google is required to disclose the following records and other information, if available, to

the United States for each account or identifier listed in Part I of this Attachment ("Accounts"),

for the time period from January 1, 2012 through the present:

**A.        Information about the customer(s) or subscriber(s) of the Accounts**

  1.  Names (including subscriber names, user names, and screen names);

  2.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  3.  Local and long distance telephone connection records;

  4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  5.  Length of service (including start date) and types of service utilized;

  6.  Telephone or instrument numbers (including MAC addresses);

  7.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  8.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.        All records and other information relating to the Accounts (except the contents of communications), including:**

  1.  Records of user activity for each connection made to or from the Accounts, including log files; messaging logs; the date, time, length, and

method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.   Information about each communication sent or received by the Accounts, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information; and

3.   Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Accounts (but not including any confidential communications with legal counsel).

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS<br>PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)</u>

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google, Inc. ("Google"), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      Such records were kept in the ordinary course of a regularly conducted business activity of Google; and

c.      Such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____        _____

Date        Signature

3

**FILED**

**JUL 22 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case: 1:16-mc-01529<br>Assigned To : Robinson, Deborah A.<br>Assign. Date : 7/21/2016<br>Description: Misc.  **UNDER SEAL** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic

communication service provider and/or a remote computing service located in Mountain View,

California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee from prosecution and destroy or tamper with evidence. *See* 18 U.S.C.

§ 2705(b)(2), (3), (5). The Court further finds that the government has established that a

compelling governmental interest exists to justify sealing the government's Application and this

Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose

the existence of the Application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

~~HON. DEBORAH A. ROBINSON~~

UNITED STATES ~~MAGISTRATE~~ JUDGE

DISTRICT

7/21/16

Date

CC:    Christopher B. Brown
Assistant U.S. Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 4814
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

2