# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
)

Case: 1:16-mc-01586
Assigned To : Robinson, Deborah A.
Assign. Date : 7/28/2016
Description: Misc.

**Filed Under Seal**

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its attorney, the United States

Attorney for the District of Columbia, respectfully submits under seal this *ex parte* application

for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google,

("Provider"), an electronic communications service provider and a remote computing service,

which is located at 1600 Amphitheatre Parkway, Mountain View, California, to disclose certain

records and other information pertaining to the following user accounts:

██████████████████████████████████

████████████████████ as described in Part I of Attachment A to the proposed Order.

The records and other information to be disclosed are described in Part II of Attachment A. In

support of this application, the United States asserts:

LEGAL BACKGROUND

1.      Provider is a provider of an electronic communications service, as

defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in

18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under

§ 2703(d) to require Provider to disclose the items described in Part II of Attachment A to the

proposed Order. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1)

(Part II.B of Attachment A).

1

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a District Court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4. The United States government is investigating, inter alia, wire fraud, cyber-intrusion, and money laundering in violation of Title 18, United States Code, Sections 1343, 1030(a)(4), and 1956.

5. Much of this investigation centers on ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ To date, the investigation has revealed that, beginning as early as ▮▮▮▮▮▮ used a number of aliases to open multiple business accounts at a variety of banks in the name of ▮▮▮▮▮▮▮, as well as in the names of other business entities. ▮▮▮ who has been identified and linked to these aliases by bank surveillance videos, used these accounts to deposit stolen funds and receive fraudulent wire transfers, which he was then able to withdraw or transfer before the activity was identified by either the bank or the targeted bank account holder.

6.  In particular, the investigation has uncovered evidence that ▮ deposited ▮ checks stolen from ▮ holder, totaling ▮ into these business accounts, including the deposit of ▮ into an account in the name of ▮ and subsequently depleted the stolen funds.  After depositing the stolen checks, ▮ used the same ▮ account to engage in a series of multiple cash, check and debit card purchases, including large-value checks to unrelated third parties and excessive cash withdrawals; these transactions were funded by a check deposit later charged back as fraudulent. Further, the investigation has also revealed that ▮ used an alias to create a fictitious business account in the name of ▮ This account was then used for the deposit of a check in the amount of ▮ which was intended as payment by ▮ a legitimate business entity named ▮ but subsequently intercepted by an unauthorized third party.  The funds deposited into the fictitious ▮ account were subsequently depleted through cash withdrawals and wire transfers, including a wire transfer in the amount of ▮ to an account in the name of ▮.

7.  Additionally, the investigation has also revealed that ▮ along with co-conspirators, may have compromised certain business and personal email accounts in order to initiate unauthorized wire transfers into accounts controlled by ▮ Specifically, in one instance in which ▮ was targeted, an altered email address that appeared to belong to the account holder sent fraudulent emails to the account's third party administrator, purporting to authorize a wire transfer of ▮ to an account in the name of ▮ On another occasion, an account holder's personal email account was hacked and used to send an email to an account officer, requesting a wire transfer of ▮ This

fraudulent email contained an attachment from an individual in the name of ▮▮▮▮ using the target email account ▮▮▮▮▮▮▮▮ which directed that the funds be wired to an account in the name of ▮▮▮▮

8.      Similarly, ▮▮ email is believed to have been used in conjunction with various other spoofed email accounts as part of this fraudulent scheme.  Specifically, between ▮▮▮ ▮▮▮▮ business entities received emails that appeared to come from legitimate email addresses associated with the business entities.  The emails, however, contained fraudulent wire requests, totaling ▮▮▮ and at least one listed ▮▮▮ ▮▮▮ as the beneficiary of the wire request.  Each of these emails were also linked by similar originating email addresses or "reply to" email addresses, as detailed below:

a.   A ▮▮▮▮ fraudulent wire request sent from ▮▮▮▮ with replies directed to target email account ▮▮▮▮ requesting the transfer of ▮▮▮▮

b.   A ▮▮▮▮ fraudulent wire request sent from ▮▮▮ with replies directed to target email account ▮▮▮▮ requesting the transfer of ▮▮▮

c.   A ▮▮▮ fraudulent wire request sent from ▮▮▮▮, with replies directed to target email account ▮▮▮▮ requesting the transfer of ▮▮▮ ▮▮▮

d.   A ▮▮▮, fraudulent wire request sent from ▮▮▮▮ with replies directed to target email account

4



, requesting the transfer of

and

e.  A ▮▮▮▮▮▮▮ fraudulent wire request sent from

▮▮▮▮▮▮▮▮▮▮ with replies directed to target email account

▮▮▮▮▮▮▮▮▮▮ requesting the transfer of ▮▮ to

9.   Based on prior investigations, I know that criminal co-conspirators, as well as businessmen, communicate frequently through online messaging services and email about their legitimate, illegitimate businesses, and the transfer of proceeds from such businesses.  Private messages and email offer a uniquely valuable form for such communication, as they can be accessed from any location.  Many such persons believe that such messages are difficult to trace, which leads them to have inculpatory conversations.

10.   Moreover, this investigation has already identified that ▮▮ along with other co-conspirators, used the email accounts specified above to perpetuate this fraudulent scheme. Specifically, ▮▮ used these accounts to send email communications for the purpose of directing fraudulent wire transfers into accounts controlled by ▮▮

11.   The header information of these communications can reveal the scope of the contacts between subject identified above and his co-conspirators.  Learning the header information from the above accounts is also likely to reveal additional persons within this network and further identify the user of the accounts, as well identify other victims.  As a result, this information is relevant to criminal proceedings against the subjects being investigated.

## REQUEST FOR ORDER

12.   The facts set forth in the previous section show that there are reasonable grounds

5

to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Accordingly, the United States requests that Provider be directed to produce all items described in Part II of Attachment A to the proposed Order.

13. The United States further requests that the Order require Provider not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 365 days or until further order of the Court. Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

14. An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the subject(s) of the

investigation, and its disclosure may alert the subject(s) to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

15. Given the complex nature of the criminal activity under investigation, potential involvement of foreign-based hackers and bank accounts to which ██ may have laundered the proceeds of his illicit activities, the Government anticipates that this investigation will remain ongoing and confidential for the next year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

16. The government is seeking records of the target accounts from the inception of the account through the present date. The target accounts appear to be directly related to a person involved in cyber-intrusion, wire fraud, and money laundering. As such, the very nature of the target accounts' involvement in the crime and their relationship to subjects under investigation make all information about these accounts relevant and material to the ongoing investigation. Primarily, records within that date range may allow law enforcement to better determine the true identity of the account holders. Additionally, such information may also reveal whether the target accounts were created as a sham "alias" account or whether they ever corresponded to a real individual, and/or whether the accounts have ever been hacked or

7

otherwise misappropriated from the original user by a third party to be used for illegal purposes; in such cases, learning the header information could provide exculpatory information for the creator of target accounts. Such records may also be relevant and material to the investigation by providing information about the user's long-term patterns of communication and relationships with other persons, including potential co-conspirators, both before and after the illicit activity began.

Request for Sealing Order

17.    In this matter, the government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request. *See Robinson*, 935 F.2d at 287-89.

8

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By:  /s/ Andrea G. Duvall

Christopher B. Brown
D.C. Bar No. 1008763
Assistant U.S. Attorney
Andrea Duvall
AR Bar No. 2013114
Special Assistant U.S. Attorney
United States Attorney's Office
555 4th Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 252-7153
christopher.Brown6@usdoj.gov
(202) 252-7811
andrea.duvall2@usdoj.gov

9

**ATTACHMENT A**

## I.   The Account

The Order applies to certain records and other information for any Provider account associated with the following identifiers, and any accounts linked thereto by recovery email address, telephone number, cookies, or any other unique device or user identifier:



## II.   Records and Other Information to Be Disclosed

Provider is required to disclose to the United States, if available, the following records and other information for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by recovery email address, telephone number, cookies, or any other unique device or user identifier ("Linked Accounts"), for the time period from account inception to the present.

**A.   The following information about the customers or subscribers of the Accounts and Linked Accounts:**

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses);
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

1

8. Means and source of payment for such service (including any credit card or bank account number).

**B.    For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications):**

1. Information about each communication sent or received by the Account (for example, tweets, followers, and any other messages), including the date, time, and method of communication; source and destination information (including account identifiers and IP addresses), and any other header or routing information;

2. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

3. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE    )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO    )  MISC. NO. _____
18 U.S.C. § 2703(d)       )
             )  **Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, ("Provider"), located at 1600 Amphitheatre Parkway, Mountain View, California, to disclose certain records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Provider shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Provider shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of

1

365 days, except that Provider may disclose this Order to an attorney for Provider for the purpose of receiving legal advice.

    IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

 

                       _____

                       HON. DEBORAH A ROBINSON
                       UNITED STATES MAGISTRATE JUDGE

_____

Date

2

FILED

AUG 01 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
                                                                    )
                                                                    )
_____ )

Case: 1:16-mc-01586
Assigned To : Robinson, Deborah A.
Assign. Date : 7/28/2016
Description: Misc.

**Filed Under Seal**

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Google, ("Provider"), located at 1600

Amphitheatre Parkway, Mountain View, California, to disclose certain records and other

information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change

patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Provider shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Provider shall not disclose

the existence of the application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of

1

365 days, except that Provider may disclose this Order to an attorney for Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

HON. DEBORAH A ROBINSON
UNITED STATES MAGISTRATE JUDGE

July 29, 2016
Date

2