# ATTACHMENT

# A

*Redacted Docket Materials*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT GOOGLE, INC. | Misc. No. _____<br><br>**Filed Under Seal** |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, Inc. ("Google"), an electronic communication and/or remote computing service provider located in Mountainview, California, to disclose certain records and other information pertaining to the Google account associated with ▌▌▌▌▌▌▌▌▌ as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND**

1. Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. In 2009, the U.S. Attorney's Office for the District of Columbia initiated a grand jury investigation of false past performance references by government contractors. In connection with that investigation, on September 9, 2011, a grand jury indicted ██████████ for Conspiracy in violation of 18 U.S.C. § 371, False Statements, in violation of 18 U.S.C. § 1001, Mail Fraud, in violation of 18 U.S.C. § 1341, and Wire Fraud, in violation of 18 U.S.C. § 1343. ████ was



██████████████████████████████ The Indictment alleged, among other things, that ████████████ Indictment.

5. An arrest warrant for ████ was issued following his indictment. In ████

██████████████████████

6. In an effort to locate ███ and have him brought to trial in the District of Columbia, the Government is investigating email accounts associated with ███ including the account referenced in this Application. ███ listed the referenced account in his last U.S. passport application. The information that the Government seeks in the Application may assist the government in locating ███ and/or identifying individuals who ███ may have contacted since fleeing the United States. The Government is seeking the information for the time period from January 1, 2011, █████████████████████ to the present.

## REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items may help the United States to identify and locate ██████ or individuals with whom he has communicated. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require Google not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as

the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

9.      An order of nondisclosure is necessary because the proposed Order relates to locating ███████, who is a fugitive from justice. Once notified, ████ would be prompted to take additional steps to avoid detection and continue to avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving ████ an opportunity to continue to flee from prosecution and further delay a trial. *See 18 U.S.C. § 2705(b)(2) & (5).*

10.      Given the fact that ████ is a fugitive likely residing in ████, the Government anticipates that this investigation will remain ongoing and confidential for the next year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

11.      In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

12.     For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793

By: _____
ANTHONY SALER
Assistant United States Attorney
DC Bar Number 448254
United States Attorney's Office
555 Fourth Street, N.W., Room 5840
Washington, D.C. 20530
Telephone: 202-252-6971
Email: Anthony.saler@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)
DIRECTED AT GOOGLE, INC.

Misc. No. _____

**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communication service provider and/or a remote computing service located in Mountainview, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving Roger Malik, an indicted fugitive, an opportunity to continue to flee from prosecution and further delay a trial. *See* 18 U.S.C. § 2705(b)(2) & (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of one year or until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:   ANTHONY SALER
Assistant United States Attorney
DC Bar Number 448254
United States Attorney's Office
555 Fourth Street, N.W., Room 5840
Washington, D.C.  20530
Telephone: 202-252-6971
Email: Anthony.saler@usdoj.gov

**ATTACHMENT A**

## I.    The Account

The Order applies to certain records and other information for any Google, Inc.

("Google") account associated with the following identifier:

## II.    Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to

the United States for each account or identifier listed in Part I of this Attachment ("Account"),

for the time period from January 1, 2011, to present:

    **A.    Information about the customer(s) or subscriber(s) of the Account**

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        4.    Length of service (including start date) and types of service utilized;

        5.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        6.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    **B.    All records and other information relating to the Account (except the contents of communications), including:**

        1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of

connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google, Inc. ("Google"), and my official title is _____. I am a custodian of records for Google. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. Such records were kept in the ordinary course of a regularly conducted business activity of Google; and

c. Such records were made by Google as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____   _____
Date                                Signature



FILED

AUG - 3 2016

Clerk, U.S. District
Court's for District of Columbia

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT GOOGLE, INC. | Case: 1:16-mc-01629<br>Assigned To : Harvey, G  Michael<br>Assign. Date : 8/3/2016<br>Description: Misc. |

## <u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communication service provider and/or a remote computing service located in Mountainview, California, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving Roger Malik, an indicted fugitive, an opportunity to continue to flee from prosecution and further delay a trial. *See* 18 U.S.C. § 2705(b)(2) & (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of

one year or until otherwise authorized to do so by the Court, except that Google may disclose

this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until

otherwise ordered by the Court.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

8/3/16
_____
Date

CC:     ANTHONY SALER
Assistant United States Attorney
DC Bar Number 448254
United States Attorney's Office
555 Fourth Street, N.W., Room 5840
Washington, D.C.  20530
Telephone: 202-252-6971
Email: Anthony.saler@usdoj.gov

# ATTACHMENT A

## I.     The Account

The Order applies to certain records and other information for any Google, Inc.

("Google") account associated with the following identifier:

████████████████████████████████████

## II.     Records and Other Information to Be Disclosed

Google is required to disclose the following records and other information, if available, to

the United States for each account or identifier listed in Part I of this Attachment ("Account"),

for the time period from January 1, 2011, to present:

### A.     Information about the customer(s) or subscriber(s) of the Account

1.    Names (including subscriber names, user names, and screen names);

2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

4.    Length of service (including start date) and types of service utilized;

5.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

6.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

### B.     All records and other information relating to the Account (except the contents of communications), including:

1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of

connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information;

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under

the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct.  I am employed by Google, Inc. ("Google"), and

my official title is _____.  I am a custodian of records for Google.

I state that each of the records attached hereto is the original record or a true duplicate of the

original record in the custody of Google, and that I am the custodian of the attached records

consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.     All records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

    b.     Such records were kept in the ordinary course of a regularly conducted business

activity of Google; and

    c.     Such records were made by Google as a regular practice.

    I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____      _____

Date                      Signature