# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT ENOM, INC., RELATING TO MULTIPLE ACCOUNTS | Case: 1:16-mc-01645<br>Assigned To : Robinson, Deborah A.<br>Assign. Date : 8/4/2016<br>Description: Misc. |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED
## AT ENOM, INC. RELATING TO MULTIPLE ACCOUNTS

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require eNom, Inc., an electronic communication and/or remote computing service provider located in Kirkland, Washington, to disclose certain records and other information pertaining to the accounts associated with the following domain names,

████████████████████████████████████████████

██████████████████████████████████ as set forth in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.      eNom, Inc., is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require eNom, Inc., to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating known targets for committing the crimes of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and Conspiracy to Commit Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 371.

5. The investigation into the targets in this matter has been pending since ███ The targets are known and are located in ████████████████ the targets have conspired to commit a variety of internet-related frauds, attacking victims in the United States, ████████████████ Since then, the Federal Bureau of Investigation ("FBI") has been able, with the assistance of foreign law enforcement, to apprehend numerous targets and has already extradited a ring-leader of the group to the United States. ████████

6. In ▮ a government cooperator formerly involved in the scheme informed FBI agents that certain co-conspirators were operating in safe houses located throughout ▮ and were engaging in a sophisticated Business Email Compromise ("BEC") scheme attacking



▮ In the BEC scheme, the targets sent emails to ▮ intending to appear as if the messages were coming from ▮ In the emails, ▮ would tell ▮ that their company was about to engage in an acquisition of another company and that ▮ was needed. The "▮" would then introduce the ▮ to an outside counsel who would work with the ▮ to complete corporate acquisition documents and wire money to bank accounts. The scheme was fairly successful and resulted in numerous companies in ▮ losing millions of dollars.

7. This request for an Order pursuant to 18 U.S.C. § 2703(d) seeks information and records from the company, eNom, Inc., located in Kirkland, Washington, where the targets registered the domain names used to create the phony emails sent to the victim companies in Europe.

**The Attack on** ▮

8. From ▮ the targets attacked a ▮



▮ by sending an email to ▮ working there. The email was created by the targets to mimic the email address belonging to ▮ The email instructed the ▮ that he would be contacted by an outside counsel using the email address ▮ One of the known targets then used the ▮ email address to send phony corporate takeover documents to ▮ which caused ▮ to

3

initiate wire transfers totaling over ███████ to bank accounts controlled by the targets. Using the online domain name research tool ████████████ FBI agents learned that the domain name ████████████ was registered on ████████████████ before the attack) through the online domain name registrar, eNom, Inc. As part of the instant request for an order pursuant to 18 U.S.C. § 2703(d), we are seeking records from eNom, Inc., related to this ████████████ domain name from the date the account was created to November 25, 2014 ██████ after the attack on ████████

**The Attack on** ████████████████████
████████████████

9. From ████████████████████ the targets attacked another ████████████████████████████ by sending that an employee of that company an email from a domain name created to mimic the email address of ████████████ The phony email address the targets created was ████████████

████████████████████████████

████████ The targets then used that phony email address to send an email to ████████ ████████████ instructing that ████████████ that they would be receiving correspondence from an outside counsel employed to assist ██████ in effecting a corporate takeover. The outside counsel's email address was ████████████████ Based on the fake ████ emails and through correspondence with the fake outside counsel, ████████████ ████████ was fraudulently induced to wire ████████ to bank accounts controlled by the targets. Using the online domain name research tool ████████████ FBI agents subsequently learned that the domain names ████████████████████ were registered through eNom, Inc., on ████████████████████ respectively. As part of the instant request for an order pursuant to 18 U.S.C. § 2703(d), we are seeking records from eNom.





Inc., related to these domain names for the following time periods: for ███████████ from ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ the attack on ██████████

**The Attack on** ████████████████████████████████

10.    On ███████████ the targets attacked another ████████████████████ ████████ In this attack, the targets created an email address on ███████ to mimic the email address belonging to ██████████████████ The phony email address they created was ██████████████████████ which was registered through 1&1 Mail & Media, Inc. (and which will be the subject of a subsequent request by the government for an Order pursuant to 18 U.S.C. § 2703(d)).  The targets then sent emails from this address to ██████████████████ ████████ and, as with their previous attacks, told ██████████████████that he would be hearing from outside counsel shortly about a proposed corporate takeover and that ███████████ ██████████████████ was needed to implement the takeover.  The targets then created the domain name, ██████████████████████ and sent an email from ███████████████ ██████████ prentending to be the outside counsel and providing ███████████████ with documents for a corporate takeover.  Relying on that email from the supposed outside counsel, ██████████████████ wire transferred approximately ██████████ to bank accounts controlled by the targets.  Using the ██████████████████ FBI agents learned that the ███████████████ name is maintained by 1&1 Mail & Media, Inc, in Chesterbrook, Pennsylvania, and that the domain name, ███████████████████ was registered with eNom, Inc., on ███████████████ This request for an order pursuant to § 2703(d) seeks records related to the domain name,

5



███████████ from the date of its creation ███████████ after the attack on ███████████

**The Attack on** ███████████
███████████

11.     On ███████████ the targets attacked another ███████████ In their attack on ███████████ the targets created an email address mimicking the email address of ███████████ The email address they created was ███████████

███████████. Using that phony email, the targets sent emails from that account to ███ ███████████ again advising that an outside counsel using the email address, ███████████ would contact them to discuss a corporate takeover. As with the other attacks, the targets used that email address supposedly from an outside counsel to send fraudulent corporate takeover documents which induced the ███████████ to wire transfer approximately ███████████ to a bank account. This time, however, the FBI had knowledge of the fraud while it was occurring and was able to pass an undercover bank account to the targets, which received the money from this fraud scheme (and, thus, ███████████ did not lose any money in this attack). The FBI learned, through ███████████ that the domain names ███████████ were registered through eNom, Inc., on ███████████ respectively. This request for a § 2703(d) order seeks records from eNom, Inc., for these domain names from the dates they were created (i.e., ███████████ after the attack (i.e., March 12, 2015).

**The Sophisticated Nature of Scheme and Overseas Location of Targets**

12.     The targets who perpetrated these attacks also successfully attacked a number of

6

other companies located throughout █████. We are presently working with our foreign counterparts to identify all of victims and all of the email addresses and domain names they created to perpetrate their attacks.

13.   All of the targets are currently overseas in ████████. Based on our intelligence through FBI sources, the targets are presently unaware of the government's investigation of them. Moreover, the targets are presently the subject of a grand jury investigation, and other co-conspirators have already pled guilty in this Court and their cases remain under seal.

14.   In addition, it is important to underscore that these targets are masters of evading law enforcement and, once an indictment is issued in this case, they will be difficult to find and arrest. For this reason, we are respectfully requesting a non-disclosure order of two-years pursuant to § 2705(b). We are planning on indicting these individuals within the next month, and it could take a while to find them and extradite them to the United States (i.e., we believe that some of the targets are located in ████████████. Finding these individuals will involve the coordinated efforts of U.S. law enforcement and our foreign counterparts. For this reason, we are respectfully seeking an extended non-disclosure period. Since the domain names here were created solely for the purpose of committing fraud, we respectfully submit that the equities here lie in favor of granting a longer non-disclosure period of two years.

### **REQUEST FOR ORDER**

15.   The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the

United States confirm that United States wires were used by the targets to attack the victim companies in Europe. Accordingly, the United States requests that eNom, Inc., be directed to produce all items described in Part II of Attachment A to the proposed Order.

16. As discussed above, the United States also requests that the Order require eNom, Inc., not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

17. An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Once notified, the targets would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to

8

evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential targets an opportunity to flee from prosecution or destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), and (5).

18. Given the complex nature of the criminal activity under investigation, the necessity to involve foreign law enforcement in apprehending the targets, the targets' locations throughout Europe, and the foreign location of evidence of these crimes, the Government anticipates that this investigation will remain ongoing and confidential for the next year two years or longer. If circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

19. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). Here, the current investigation is currently in the grand jury stage, and other co-conspirators involved in this scheme have pled guilty and their cases presently remain under seal. For these reasons, and the reasons stated above regarding the sensitivity and complex nature of this investigation, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

9

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793


By: __/s/ Michael J. Marando_____
    MICHAEL J. MARANDO
    Assistant United States Attorney
    N.Y. Bar Number 4250395
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C.  20530
    Telephone: (202) 252-7068
    Email: Michael.Marando@usdoj.gov

Case 1:16-sc-00499-DAR *SEALED* Document 1 Filed 05/08/16 Page 11 of 13

## ATTACHMENT A

### I. The Accounts

The Order applies to certain records and other information for any eNom. Inc., accounts associated with the following identifiers:



### II. Records and other information to be disclosed

eNom, Inc.. is required to disclose to the United States the following records and other information. if available, for each account or identifier listed in Part I of this Attachment (the "Accounts") for the following time periods:



#### A. Information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Accounts (except the contents of communications), including:**

1. Records of user activity for each connection made to or from the Accounts, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each electronic communication sent or received by the Accounts, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by eNom, Inc., and my official title is _____. I am a custodian of records for eNom, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of eNom, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    Such records were kept in the ordinary course of a regularly conducted business activity of eNom, Inc.; and

    c.    Such records were made by eNom, Inc., as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                                        Signature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT ENOM, INC., RELATING TO MULTIPLE ACCOUNTS | Case: 1:16-mc-01645<br>Assigned To : Robinson, Deborah A.<br>Assign. Date : 8/4/2016<br>Description: Misc. |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring eNom, Inc., an electronic communication and/or remote computing service provider located in Kirkland, Washington, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution or destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), and (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that eNom, Inc., shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that eNom, Inc., shall not disclose the existence of this Order of the Court to any other person for a period of two years or until otherwise ordered by the Court, except that eNom, Inc., may disclose this Order to an attorney for eNom, Inc., for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:    Michael J. Marando
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 4235
Washington, D.C. 20530
Email: Michael.Marando@usdoj.gov

FILED

AUG - 5 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT ENOM, INC., RELATING TO MULTIPLE ACCOUNTS | Case: 1:16-mc-01645<br>Assigned To : Robinson, Deborah A.<br>Assign. Date : 8/4/2016<br>Description: Misc. |

### ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring eNom, Inc., an electronic communication and/or remote computing service provider located in Kirkland, Washington, to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution or destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b)(2), (3), and (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that eNom, Inc., shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that eNom, Inc., shall not disclose the existence of this Order of the Court to any other person for a period of two years or until otherwise ordered by the Court, except that eNom, Inc., may disclose this Order to an attorney for eNom, Inc., for the purpose of receiving legal advice.

N

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

August 4, 2016
_____
Date

UNITED STATES MAGISTRATE JUDGE
Deborah A. Robinson
United States Magistrate Judge

CC:   Michael J. Marando
      Assistant United States Attorney
      United States Attorney's Office
      555 Fourth Street, N.W., Room 4235
      Washington, D.C.  20530
      Email: Michael.Marando@usdoj.gov

2