# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require 1&1 Mail & Media, Inc. ("1&1 Mail & Media"), an electronic communication service provider and/or a remote computing service located in Chesterbrook, Pennsylvania, to disclose certain records and other information pertaining to the email account ███████████████████████ ("the Account") as set forth in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. 1&1 Mail & Media is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under section 2703(d) to require 1&1 Mail & Media to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is a "court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

3.      A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.      The United States is investigating the potential commission of criminal offenses, including, *inter alia*, wire fraud, in violation of 18 U.S.C. §1343. The offenses under investigation involve advertisements for the sale and distribution of government-issued identification and travel documents, by unidentified perpetrators who have no authority to distribute such government-issued documents.

5.      The advertisement of these services was first observed by ███████████ ████████████████████████ in July 2016, on the website ████████████████████████ where an advertisement had been posted by someone with the Facebook username ████████████████████ The advertisement listed a variety of government-issued identification and travel documents available for sale. These

documents included, for example, ███████████████████████████████████████ "

████

6.    The above-described website contains multiple posts under the Facebook username ██████████████████████" which list the Account as the contact information for prospective customers to buy the identification and travel documents.

7.    A review of open-source internet domain registration information indicates that electronic mail sent to the Account are directed through, and stored on, servers that are owned and operated by 1&1 Mail & Media.

## REQUEST FOR ORDER

8.    The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities, including both the identity of the sellers, as well as the purchasers of the identification and travel documents.  Accordingly, the United States requests that 1&1 Mail & Media be directed to produce all items described in Part II of Attachment A to the proposed Order.

## Request for Non-Disclosure Order

9.      The United States further requests that the Order require 1&1 Mail & Media not to notify any person, including the subscriber or customer of the Account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court.  The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the Order directed to it.  Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1)      endangering the life or physical safety of an individual;
> (2)      flight from prosecution;
> (3)      destruction of or tampering with evidence;
> (4)      intimidation of potential witnesses; or
> (5)      otherwise seriously jeopardizing an investigation or unduly delaying a trial.

10.     In this Application, the United States is acting under subsections 2703(c) and (d). Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to 1&1 Mail & Media pursuant to section 2705(b).  Such a non-disclosure Order is appropriate in this matter because the requested 2703(d) Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the subjects(s) to the ongoing investigation, as well as the scope and nature of the investigation.  Moreover, evidence of the offense(s) may be on a subject's computer, or at

4

a subject's residence, or within online accounts controlled by a subject, and such evidence could easily be altered or destroyed by a subject. Finally, the criminal activities under investigation appear to be ongoing, as does the use of the Account in connection with those criminal activities. For all of these reasons, there is reason to believe that notification of the 2703(d) Order would seriously jeopardize the investigation, including by giving the subject(s) an opportunity to an opportunity to flee from prosecution, notify confederates, change patterns of behavior, or to destroy or tamper with evidence. *See* 18 U.S.C. §§ 2705(b) (2), (3), (5).

### Request for Sealing Order

11.　　In this matter, the government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request. *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,
CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793

By: _____/s/_____
DEMIAN S. AHN
Assistant United States Attorney
D.C. Bar Number 491109
555 4th Street, N.W., Room 4243
Washington, D.C.  20530
(202) 252-7106 telephone
(202) 514-6010 facsimile
demian.ahn@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____<br><br>**Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring 1&1 Mail & Media, Inc. ("1&1 Mail & Media"), an electronic communication service provider and/or a remote computing service located in Chesterbrook, Pennsylvania, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution or destroy or tamper with evidence. *See* 18 U.S.C. §§ 2705(b) (2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that 1&1 Mail & Media shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that 1&1 Mail & Media shall

not disclose the existence of the Application of the United States, or the existence of this Order

of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for

a period of 180 days or until otherwise authorized to do so by the Court, except that 1&1 Mail &

Media may disclose this Order to an attorney for 1&1 Mail & Media for the purpose of receiving

legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until

otherwise ordered by the Court.

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

CC:    Demian S. Ahn
       Assistant United States Attorney
       United States Attorney's Office
       555 4th Street NW
       Washington, D.C. 20530

2

**ATTACHMENT A**

**I.      The Account(s)**

The Order applies to certain records and information associated with a customer or subscriber account of an account provided by 1&1 Mail & Media, Inc. ("1&1 Mail & Media"), a provider which is located in Chesterbrook, Pennsylvania.  The 1&1 Mail & Media account is identified as the account ███████████████████████ ("the Account").

**II.      Records and Other Information to Be Disclosed**

1&1 Mail & Media is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period from the inception of the account to the present:

    **A.      Information about the customer(s) or subscriber(s) of the Account**

       1.      Names (including subscriber names, user names, and screen names);

       2.      Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

       3.      Local and long distance telephone connection records;

       4.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

       5.      Length of service (including start date) and types of service utilized;

       6.      Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.      All records and other information relating to the Account (except the contents of communications), including:**

1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information; and

3.      Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by 1 & 1 Mail & Media, Inc. ("1&1 Mail & Media"), and my official title is _____. I am a custodian of records for 1&1 Mail & Media. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of 1&1 Mail & Media, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.      All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.      Such records were kept in the ordinary course of a regularly conducted business activity of 1&1 Mail & Media; and

c.      Such records were made by 1&1 Mail & Media as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                                  Signature

**FILED**

**AUG 11 2016**

**Clerk, U.S. District and
Bankruptcy Courts**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case: 1:16-mc-01674<br>Assigned To : Harvey, G. Michael<br>Assign. Date : 8/10/2016<br>Description: Misc. |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring 1&1 Mail & Media, Inc. ("1&1 Mail & Media"), an electronic communication service provider and/or a remote computing service located in Chesterbrook, Pennsylvania, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution or destroy or tamper with evidence. *See* 18 U.S.C. §§ 2705(b) (2), (3), (5). The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that 1&1 Mail & Media shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

N

2

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that 1&1 Mail & Media shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or until otherwise authorized to do so by the Court, except that 1&1 Mail & Media may disclose this Order to an attorney for 1&1 Mail & Media for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

8/10/16
Date

CC:  Demian S. Ahn
     Assistant United States Attorney
     United States Attorney's Office
     555 4th Street NW
     Washington, D.C. 20530

2

**ATTACHMENT A**

## I. The Account(s)

The Order applies to certain records and information associated with a customer or subscriber account of an account provided by 1&1 Mail & Media, Inc. ("1&1 Mail & Media"), a provider which is located in Chesterbrook, Pennsylvania. The 1&1 Mail & Media account is identified as the account ████████████████████████ ("the Account").

## II. Records and Other Information to Be Disclosed

1&1 Mail & Media is required to disclose the following records and other information, if available, to the United States for the account or identifier listed in Part I of this Attachment ("Account"), for the time period from the inception of the account to the present:

**A. Information about the customer(s) or subscriber(s) of the Account**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B.      All records and other information relating to the Account (except the contents of communications), including:**

1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header information; and

3.      Records of complaints, alerts, fraud, or violations of terms of service relating to the customer or subscriber of the Account (but not including any confidential communications with legal counsel).

2

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, do hereby attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by 1 & 1 Mail & Media, Inc. ("1&1 Mail & Media"), and my official title is _____. I am a custodian of records for 1&1 Mail & Media. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of 1&1 Mail & Media, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.    All records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.    Such records were kept in the ordinary course of a regularly conducted business activity of 1&1 Mail & Media; and

c.    Such records were made by 1&1 Mail & Media as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                      Signature