# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                        )
IN RE APPLICATION OF THE                )
UNITED STATES OF AMERICA FOR            )
AN ORDER PURSUANT TO                     )
18 U.S.C. § 2703(d)                      )
                                        )
_____)

Case: 1:16-mc-01721
Assigned To : Robinson, Deborah A.
Assign. Date : 8/15/2016
Description: Misc.

**Filed Under Seal**

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel,

respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C.

§ 2703(d). The proposed Order would require AT&T Corporation, a cellular service provider

located in North Palm Beach, FL, to disclose certain records and other information pertaining to

the cellular telephone number ████████, as described in Part I of Attachment A to the

proposed Order. The records and other information to be disclosed are described in Part II of

Attachment A. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.      AT&T Corporation is a provider of an electronic communications service, as

defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued

under § 2703(d) to require AT&T Corporation to disclose the items described in Part II of

Attachment A, as these records pertain to a subscriber of electronic communications service and

are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

1

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.     A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.     The United States is investigating the potential commission of criminal offenses, including possible violations of 18 U.S.C. § 2339B: providing material support or resources to designated foreign terrorist organizations.

5.     To gain supporters, ISIL spreads its message using social media platforms, such as Twitter, Facebook, YouTube and Instagram. Using these platforms, ISIL posts videos and updates of events in Syria and Iraq, in English, as well as other languages, to draw support. In a Joint Intelligence Bulletin released in February 2015, the Federal Bureau of Investigation (FBI) and Department of Homeland Security (DHS) assessed that Western youth inspired by ISIL messaging to travel or attempt to travel to Syria could radicalize others, gain combat skills, share knowledge of potential targets, or mobilize to conduct organized or lone offender attacks upon their return to western countries, including the United States.

2

6. The user of AT&T cellular phone number ███████████ is believed to be an ISIL supporter based in the United States. The user is believed to have direct online connections to multiple ISIL supporters. The requested records will enable law enforcement to assess whether the user is attempting to contact other individuals supporting ISIL, as well as the user's associations to other ISIL members and supporters.

## **REQUEST FOR ORDER**

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that AT&T Corporation be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require AT&T Corporation not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or

3

physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

9.      An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to endanger a person, flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

10.      In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir.

4

1991).  For the reasons stated above, the Government has a compelling interest in confidentiality

to justify sealing the Application and Order.  *See id.*

                                   Respectfully submitted,

                                   CHANNING D. PHILLIPS
                                   United States Attorney
                                   D.C. Bar No. 415793

By:         _____
                                   JEFFREY PEARLMAN
                                   Assistant United States Attorney
                                   National Security Section
                                   United States Attorney's Office
                                   555 4th Street NW, 11th Floor
                                   Washington, D.C. 20530
                                   (202) 252-7228
                                   jeffrey.pearlman@usdoj.gov

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) | MISC. NO. ____ <br><br> **Filed Under Seal** |

## <u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T Corporation, an electronic communications service provider and/or a remote computing service located in North Palm Beach, FL, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that AT&T Corporation shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that AT&T Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of

the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that AT&T Corporation may disclose this Order to an attorney for AT&T Corporation for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE
G. MICHAEL HARVEY

_____
Date

## ATTACHMENT A

### I.  The Account(s)

The Order applies to records and information associated with the cellular telephone assigned call number ████████

### II.  Records and Other Information to Be Disclosed

AT&T Corporation is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period of inception to the present:

A.  The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct. I am employed by AT&T Corporation, and my

official title is _____. I am a custodian of records for AT&T

Corporation. I state that each of the records attached hereto is the original record or a true

duplicate of the original record in the custody of AT&T Corporation, and that I am the custodian

of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business

activity of AT&T Corporation; and

    c.    such records were made by AT&T Corporation as a regular practice.

    I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.

_____      _____

Date                               Signature

**FILED**

AUG 1 6 2016

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR )
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
)
_____ )

Case: 1:16-mc-01721
Assigned To : Robinson, Deborah A.
Assign. Date : 8/15/2016
Description: Misc.

**Filed Under Seal**

## <u>ORDER</u>

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T Corporation, an electronic communications service provider and/or a remote computing service located in North Palm Beach, FL, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that AT&T Corporation shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that AT&T Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of

the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, unless and until otherwise authorized to do so by the Court, except that AT&T Corporation may disclose this Order to an attorney for AT&T Corporation for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

Roger C. Lorletch
UNITED STATES ~~MAGISTRATE~~ DISTRICT JUDGE
~~G. MICHAEL HARVEY~~

8/15/16

Date

2

## ATTACHMENT A

### I. The Account(s)

The Order applies to records and information associated with the cellular telephone assigned call number ███████████

### II. Records and Other Information to Be Disclosed

AT&T Corporation is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the time period of inception to the present:

A. The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by AT&T Corporation, and my official title is _____. I am a custodian of records for AT&T Corporation. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of AT&T Corporation, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. such records were kept in the ordinary course of a regularly conducted business activity of AT&T Corporation; and

c. such records were made by AT&T Corporation as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____          _____
Date                                     Signature