# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                    )
IN RE APPLICATION OF THE            )
UNITED STATES OF AMERICA FOR        )        MISC. NO.
AN ORDER PURSUANT TO                )
18 U.S.C. § 2703(d)                 )        **Filed Under Seal**
_____)

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its attorney, the United States

Attorney for the District of Columbia, respectfully submits under seal this *ex parte* application

for an Order pursuant to 18 U.S.C. § 2703(d).  The proposed Order would require Enom.,

("Enom"), located at 5808 Lake Washington Blvd NE, Ste 300, Kirkland, WA, to disclose

certain records and other information pertaining to user accounts:

- (1) █████████████████████████
- (2) █████████████████████████

as described in Part I of Attachment A.  The records and other information to be

disclosed are described in Part II of Attachment A to the proposed Order.  In support of this

application, the United States asserts:

LEGAL BACKGROUND

1.      Enom is a provider of an electronic communications service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require Enom to

disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of

Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

1

competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court is a District Court of the United States that has jurisdiction over the offense being investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3.    A court order under Section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

### THE RELEVANT FACTS



4.    ████████████████████ conspired with others, including ████████ ████████████████████████ to circumvent U.S. laws in an effort to launder funds into the U.S. to illegally procure U.S. origin items for Iranian customers.

5.    ████████████████████ doing business as ████ claim they are located in the ████ and are purchasing export controlled electronic components for use in the ████. However, their IP addresses trace back to Iran.

### Investigative Overview

6.    U.S. Company 1, which is located in the United States, is a global provider of products, services and solutions to industrial and commercial users of electronic components. Many of the items that U.S. Company 1 exports are controlled by the U.S. Department of Commerce and the U.S. Department of Treasury.

7. U.S. Company 1 notified law enforcement that ▇▇▇▇ used an online chat function to discuss an order that ▇▇▇▇ had previously placed with U.S. Company 1 on behalf of ▇▇▇▇. The chat program revealed to U.S. Company 1 that ▇▇▇▇ IP address came from Iran.

8. ▇▇▇▇ order was for electronic components that have an export classification control number ("ECCN") 3A001.a.5.a.3. The export of these articles from the U.S. to the ▇▇▇▇ does not require an export license, however the exportation to Iran would.

9. Law enforcement in ▇▇▇ informed HSI that ▇▇▇ is not a registered company and appears to be operating as a shell company for ▇▇▇▇▇▇▇ The ▇▇▇ phone number listed on the EUC is registered to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇ law enforcement also indicated that ▇▇▇ is associated to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ all of which appear to be involved in procurement for the Islamic Revolutionary Guard Corps ("IRGC"). The IRGS is associated with Iran's ballistic missile arsenal and irregular warfare operations through its elite Quds Force and proxies such as Hezbollah.

Target Accounts



10.     Based on prior investigations, I know that criminal co-conspirators communicate frequently through private messages and email about their legitimate, illegitimate businesses, and the transfer of proceeds from such businesses.  Private messages and email offer a uniquely valuable form for such communication, as they can be accessed from any location.  Many such persons believe that such messages are difficult to trace, which leads them to have inculpatory conversations.

11.     Moreover, persons operating international procurement and money laundering operations typically have to communicate via email with persons funding their operations, due to the time differences as well as limited phone access in remote tribal areas.  When transferring funds to co-conspirators, electronic communications will normally occur to inform the other party that the money has been sent, followed up by communications that the money has been received. I also know from prior investigations that subordinates in the management chain must communicate to their superiors the status of their illegal task as well as receive new illegal tasks.

12.     The header information of these communications can reveal the scope of the contacts between the money launders and Iranian procurement agents.  Multiple individuals and companies associated with the targets of this investigation have taken steps to obscure or anonymize their identities.  Learning the header information from associated Email accounts is likely to reveal persons within this network, as well as further identify the users of the account.

This information is relevant to criminal proceedings against ▮▮ and ▮▮▮▮▮▮ for money laundering violations.

## REQUEST FOR ORDER

13.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Accordingly, the United States requests that Provider be directed to produce all items described in Part II of Attachment A to the proposed Order.

14.     The United States further requests that the Order require Provider not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court. The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person of the existence of the Order directed to it. Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1)     endangering the life or physical safety of an individual;
> (2)     flight from prosecution;
> (3)     destruction of or tampering with evidence;
> (4)     intimidation of potential witnesses; or
> (5)     otherwise seriously jeopardizing an investigation or unduly delaying a trial.

5

15.     In this Application, the United States is acting under subsections 2703(c) and (d). Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to Provider pursuant to section 2705(b).  In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is not public, and its disclosure may alert the targets to the ongoing continuing investigation and the government's efforts to locate and arrest them.  Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  *See* 18 U.S.C. § 2705(b)(2), (3), (5).  Some of the evidence in this investigation is stored electronically.  If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

16.     The government is seeking records of the target accounts from the inception of the account through the present date.  The target accounts appear to be directly related to a front business that launders funds on behalf of entities in Iran.  As such, all email accounts relating to purported CEO/owner of the front business are relevant and material to the ongoing investigation.  Primarily, records within that date range may allow law enforcement to better determine the identity of the account holder.  Additionally, such information may also reveal whether the target account was created as a sham "alias" account or whether it ever corresponded to a real individual, and/or whether the account has ever been hacked or otherwise misappropriated from its original user by a third party to be used for illegal purposes; in such cases learning the header information could provide exculpatory information for the creator of

6

target account.  Such records may also be relevant and material to the investigation by providing information about the user's long-term patterns of communication and relationships with other persons, including potential co-conspirators, both before and after the illicit activity began.

Request for Sealing Order

17.     In this matter, the government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Application and order.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request.  *See Robinson*, 935 F.2d at 287-89.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By:     _____/s/_____
Zia M. Faruqui, D.C. Bar No. 494990
Deborah Curtis
Assistant United States Attorney
555 Fourth Street, N.W., Room 4806
Washington, D.C. 20530
(202) 252-7117
zia.faruqui@usdoj.Gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. _____
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )
                                                    ) **Filed Under Seal**

ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Enom., ("Provider"), located at 5808 Lake

Washington Blvd NE, Ste 300, Kirkland, WA, to disclose certain records and other information

described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of

this Order will seriously jeopardize the ongoing investigation, including by giving targets an

opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change

patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2)(3),(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Provider shall,

within ten days of the date of this Order, disclose to the United States the records and other

information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Provider shall not disclose

the existence of the application of the United States, or the existence of this Order of the Court,

to the subscribers of the account listed in Attachment A, or to any other person, for a period of

1

180 days, except that Provider may disclose this Order to an attorney for Provider for the

purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until

otherwise ordered by the Court.

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

## ATTACHMENT A

**I.      The Account**

The Order applies to certain records and other information for any Provider account associated with the following identifiers, and any accounts linked thereto by recovery email address, telephone number, cookies, or any other unique device or user identifier:

- ████████████████████
- ████████████████████

**II.     Records and Other Information to Be Disclosed**

Provider is required to disclose to the United States, if available, the following records and other information for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by recovery email address, telephone number, cookies, or any other unique device or user identifier ("Linked Accounts"), for the time period from account inception to the present.

**A.      The following information about the customers or subscribers of the Accounts:**

1.  Names (including subscriber names, user names, and screen names);
2.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3.  Local and long distance telephone connection records;
4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5.  Length of service (including start date) and types of service utilized;
6.  Telephone or instrument numbers (including MAC addresses);
7.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8.  Means and source of payment for such service (including any credit card or bank account number).

1

**B.** **For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications):**

1. Information about each communication sent or received by the Account (for example, tweets, followers, and any other messages), including the date, time, and method of communication; source and destination information (including account identifiers and IP addresses), and any other header or routing information;

2. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

3. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Twitter to identify or track users or devices, including any cookies used by or known to Twitter, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

**FILED**

AUG 2 5 2016

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) |

Case: 1:16-mc-01818
Assigned To : Robinson, Deborah A.
Assign. Date : 8/24/2016
Description: Misc.

**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Enom., ("Provider"), located at 5808 Lake Washington Blvd NE, Ste 300, Kirkland, WA, to disclose certain records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2)(3),(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Provider shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Provider shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of



1

180 days, except that Provider may disclose this Order to an attorney for Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

8/24/16
Date

_____
HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

2

## ATTACHMENT A

### I.     The Account

The Order applies to certain records and other information for any Provider account associated with the following identifiers, and any accounts linked thereto by recovery email address, telephone number, cookies, or any other unique device or user identifier:



### II.     Records and Other Information to Be Disclosed

Provider is required to disclose to the United States, if available, the following records and other information for each account or identifier listed in Part I of this Attachment ("Account"), and for any account linked to such account or identifier by recovery email address, telephone number, cookies, or any other unique device or user identifier ("Linked Accounts"), for the time period from account inception to the present.

### A.     The following information about the customers or subscribers of the Accounts:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses);
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8. Means and source of payment for such service (including any credit card or bank account number).

1

**B. For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications):**

1. Information about each communication sent or received by the Account (for example, tweets, followers, and any other messages), including the date, time, and method of communication; source and destination information (including account identifiers and IP addresses), and any other header or routing information;

2. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

3. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Twitter to identify or track users or devices, including any cookies used by or known to Twitter, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").