# ATTACHMENT

# A

*Redacted Docket Materials*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No.<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully

submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The

proposed Order would require Google, Inc. ("Google"), an electronic communications service

provider and/or a remote computing service provider located in Mountain View, CA, to disclose

certain records and other information pertaining to the Google email account

█████████████████ as set forth in Part I of Attachment A. The records and other

information to be disclosed are described in Part II of Attachment A to the proposed Order. In

support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google is a provider of an electronic communication service, as defined in 18 U.S.C.

§ 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the

United States may use a court order issued under section 2703(d) to require Google to disclose the

items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A);

18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) &

(c)(1)(A). Specifically, the Court is a district court of the United States that has jurisdiction over the

offense being investigated. 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or

1

omissions in furtherance of the offenses under investigation occurred within Washington, DC. See 18 U.S.C. § 3237. In addition, the statutes setting forth the federal offenses under investigation, namely 18 U.S.C. §§ 1956 and 1957, apply extraterritorially. Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

3. A court order under section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating ███████████████████████ and several other unknown individuals for their role in a conspiracy to commit violations of Title 18, United States Code, Section 656 (embezzlement by bank officer or employee); Title 18, United States Code, Section 1028A (aggravated identity theft); Title 18, United States Code, Section 1343 (wire fraud); Title 18, United States Code, Section 1344 (bank fraud); and Title 18, United States Code, Section 1956 (money laundering).

5. ██████████████████████████████████████████ ███████████████████████████████ in Washington, D.C., from ███████████ ████████████

6. Law enforcement investigation reveals that ████████ used his ██████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

2

███████████████████████████████

████

7.    ████████████████ reported that he received a notice letter about a new account being opened in his name at ████████████████ also reported that funds from Account 1 in the amount of approximately ██████ had been transferred to the new account at ████████████████ did not authorize the account opening at ██████████ or the transfer of funds from Account 1.

8.    The account at ████████████ was opened online using ████████████ ██████████████████████ The email address ██████████████████████ was provided to ██████████ as the account-holder's email address at the time the account was opened.  This email address is not known to ██████████

9.    A substantial portion of the funds that were transferred from Account 1 to the fraudulent ██████████████████████ were subsequently wired to ██████████ ████████████████████████████████ ██████████████ in return for the transfers of money from the fraudulent ██████████ account.  The email address ██████████████████ was provided to ██████████ ████ in connection with this transaction.

10.    The email account associated with email address ██████████████████ is thus tied directly to fraudulent banking activity, and apparent money-laundering activities.  Records for this account are in the custody of Google.  The proposed Order seeks records and other information (not including the contents of communications) concerning this account and associated user activity which may lead to evidence of the criminal activity under investigation and may help identify those responsible for this account and the criminal conduct.

3

REQUEST FOR ORDER

11.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who established the fraudulent ████████████████ and diverted funds originating from Account 1 through the fraudulent account to ████████ ████ and to determine the nature and scope of their activities.  Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

12.     The government is seeking records of the target account from the inception of the account through the present date.  Such records may be relevant and material to the investigation, in that records within that date range may allow law enforcement to better determine the identity of the account holder.  Such information may also reveal whether the target account was created as a sham "alias" account or whether it ever corresponded to a real individual, and/or whether the account has ever been hacked or otherwise misappropriated from its original user by a third party to be used for illegal purposes; in such cases learning the header information could provide exculpatory information for the creator of target account.  Such records may also be relevant and material to the investigation by providing information about the user's long-term patterns of communication and relationships with other persons, including potential co-conspirators, both before and after the illicit activity began.

Request for Non-Disclosure Order

13.     The United States further requests that the Order require Google not to notify any person, including the subscriber or customer of the account listed in Part I of Attachment A, of the existence of the Order for a period of 180 days or until further order of the Court.  The Stored Communications Act ("SCA"), Title 18, United States Code, Sections 2701-2712, expressly authorizes the government to seek a court order directing the provider not to notify any other person

4

of the existence of the Order directed to it.  Section 2705(b) provides in pertinent part:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
>
> | | |
> |---|---|
> | (1) | endangering the life or physical safety of an individual; |
> | (2) | flight from prosecution; |
> | (3) | destruction of or tampering with evidence; |
> | (4) | intimidation of potential witnesses; or |
> | (5) | otherwise seriously jeopardizing an investigation or unduly delaying a trial. |

14.     In this Application, the United States is acting under subsections 2703(c) and (d). Accordingly, the government is not required to provide notice to a subscriber or customer of the Application or the Order.  18 U.S.C. § 2703(c)(3).  This Court is therefore authorized to issue a non-disclosure Order to Google pursuant to section 2705(b).  Such a non-disclosure Order is appropriate in this matter because the requested 2703(d) Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation.  There is reason to believe that notification of the 2703(d) Order would seriously jeopardize the investigation, including by giving the target(s) an opportunity to flee from prosecution and destroying or tampering with evidence.

Request for Sealing Order

15.     In this matter, the government also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the 2703(d) Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest

5

in preserving the confidentiality of the Application and order. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). Because of the potential jeopardy to the present investigation that would result from disclosure of the Application and order, there exists a compelling governmental interest in confidentiality to justify the government's sealing request. *See Robinson*, 935 F.2d at 287-89.

<div style="margin-left:40%">

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar Number 415793


By:    */s/ Kyle T. Bateman*
        Kyle T. Bateman, D.C. Bar # 996646
        Special Assistant U.S. Attorney
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-7881
        Kyle.Bateman2@usdoj.gov

</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Misc. No. _____<br><br>**Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communications service provider and/or a remote computing service provider located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution and destroy or tamper with evidence. The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or

1

until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

_____
Date

## ATTACHMENT A

### I.  The Account(s)

The Order applies to certain records and other information for any Google account associated with any of the following identifier(s), and any Google account linked thereto by alternate email address, telephone number, payment information, cookies, Global Unique Identifier ("GUID"), or registration Internet Protocol ("IP") address:

### II.  Records and Other Information to Be Disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Google account linked to such account or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Accounts").

A.  **For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof, for the time period from account inception to the present:**

1.  Names (including subscriber names, user names, and screen names);
2.  Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
3.  Records of session times and durations (including the IP addresses associated with those sessions);
4.  Length of service (including start date) and types of service utilized;
5.  Telephone or instrument number or other subscriber number or identity (including device identification and the IP address associated with registration); and
6.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  **For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

1.  Information about each email sent, received, or stored in draft form by the Account, including the date and time, source and destination information (including account identifiers, email addresses, and IP addresses); and all email header information;

2.  Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

1

3. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Google to identify or track users or devices, including any cookies used by or known to Google, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

**FILED**

NOV - 9 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DIST
FOR THE DISTRICT OI

IN RE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

**Case: 1:16-mc-02306**
**Assigned To : Harvey, G. Michael**
**Assign. Date : 11/8/2016**
**Description: Misc.**

Misc

**Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Google, Inc. ("Google"), an electronic communications service provider and/or a remote computing service provider located in Mountain View, CA, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee from prosecution and destroy or tamper with evidence. The Court further finds that the government has established that a compelling governmental interest exists to justify sealing the government's Application and this Order.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Google shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the Application of the United States, or the existence of this Order of the Court, to the subscribers of the account listed in Attachment A, or to any other person, for a period of 180 days or

1

until otherwise authorized to do so by the Court, except that Google may disclose this Order to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court.

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

11\8\16
Date

2

**ATTACHMENT A**

## I. The Account(s)

The Order applies to certain records and other information for any Google account associated with any of the following identifier(s), and any Google account linked thereto by alternate email address, telephone number, payment information, cookies, Global Unique Identifier ("GUID"), or registration Internet Protocol ("IP") address:

███████████████████████████

## II. Records and Other Information to Be Disclosed

Google is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment ("Account"), and for any Google account linked to such account or identifier by alternate email address, telephone number, payment information, cookies, GUID, or registration IP address ("Linked Accounts").

**A. For the Account and for all Linked Accounts, information about the customer(s) or subscriber(s) thereof, for the time period from account inception to the present:**

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);
3. Records of session times and durations (including the IP addresses associated with those sessions);
4. Length of service (including start date) and types of service utilized;
5. Telephone or instrument number or other subscriber number or identity (including device identification and the IP address associated with registration); and
6. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. For the Account, but not for Linked Accounts, all records and other information relating thereto (except the contents of communications), for the time period from account inception to the present:**

1. Information about each email sent, received, or stored in draft form by the Account, including the date and time, source and destination information (including account identifiers, email addresses, and IP addresses); and all email header information;

2. Information about each connection made to or from the Account, including the date, time, length, and method of connection; server log records; data transfer volume; source and destination IP addresses; and all unique device or user identifiers;

1

3. Information about each device registered with or used to access the Account, including the date, time, and length of usage; device registration information; hardware model; operating system version; mobile network information; any known country, language, or time zone settings; and all unique device or user identifiers; and

As used herein, "unique device or user identifier" refers to any unique number or set of characters that may be used by Google to identify or track users or devices, including any cookies used by or known to Google, Advertising ID, Global Unique Identifier ("GUID"), Universally Unique Identifier ("UUID"), device serial number, Media Access Control ("MAC") address, Electronic Serial Number ("ESN"), Mobile Electronic Identity Number ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Number ("MIN"), Subscriber Identity Module ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifier ("IMSI"), and International Mobile Equipment Identity ("IMEI").

2